Deszick **SMITH**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 10–99–059–CR, 10–99–060–CR.

Court of Appeals of Texas, Waco.

Feb. 28, 2001.

John A. Kuchera, Waco, for appellant.

Thomas B. Sehon, Falls County Dist. Atty., Marlin, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

GRAY, Justice.

Pursuant to a plea agreement, Deszick Smith pled guilty to two separate indictments that joined both misdemeanor and felony charges. He was placed on community supervision. He did not appeal his convictions at that time. The State moved to revoke his community supervision and after a hearing, he was sentenced to two consecutive ten-year sentences in prison. Smith now brings this appeal. He challenges his convictions on the basis the trial court had no jurisdiction over the misdemeanor charges. We agree. The judgment of the trial court is reversed, and we return the parties to their pre-plea status.

ISSUE ON APPEAL

On appeal, Smith challenges his convictions on the basis the trial court had no jurisdiction over the misdemeanor charges. He is correct. *See* TEX.CODE CRIM. PROC. ANN. art. 4.05 (Vernon Supp.2001). The plea agreement was based in part on the disposition of the misdemeanor charges which the trial court had no jurisdiction to resolve. *See Heath v. State,* 817 S.W.2d 335 (Tex.Crim.App.1991). "We hold that both the order placing appellant on probation *and the order revoking probation and sentencing appellant ... are void." Id.* at 337 (*quoting Dougherty v. State,* 740 S.W.2d 516, 517 (Tex.App.—Houston [1st Dist.] 1987, no pet.)) (emphasis added). Based on these procedural facts, we have no alternative other than to reverse his convictions and return the parties to their pre-plea status. *Shannon v. State,* 708 S.W.2d 850, 852 (Tex.Crim.App.1986). Therefore, we reverse the judgment of the trial court and remand both causes to the trial court for further proceedings consistent with this opinion.