Anthony Villa **PUENTE**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 10–00–203–CR.**

Court of Appeals of Texas,
Waco.

May 22, 2001.

John A. Kuchera, Waco, for appellant.

Jody Gilliam, County and District Atty., Marlin, Matthew Paul, State Pros. Atty., Austin, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION ON PETITION FOR DISCRETIONARY REVIEW

VANCE, Justice.

As authorized by Rule 50 of the Rules of Appellate Procedure, we issue this modified opinion within 30 days after the State Prosecuting Attorney (SPA) filed a Petition for Discretionary Review.

With a plea agreement, Anthony Villa Puente pled guilty to a three-count indictment that joined two misdemeanor offenses and one felony offense.[1] On December 15, 1998, he was placed on deferred adjudication community supervision for four years by an order which recited all three "offenses." He did not appeal; in fact, he waived the right to appeal by a written waiver.

On March 30, 2000, the State moved to proceed with adjudication, alleging that he violated the terms of the community supervision order. On May 10, Puente filed a "Motion to Terminate Deferred Adjudication," asserting that the court lacked jurisdiction over the misdemeanor offenses, that the maximum period of community supervision for misdemeanors is two years, and that his motion was timely because "subject-matter jurisdiction can be raised at any time." On May 25, the court signed an order "retaining jurisdiction" over the felony and "severing" the misdemeanors. On the same day, after a hearing, the court adjudicated Puente's guilt and sentenced him to two years confinement in a State Jail Facility.

## ISSUE ON APPEAL

On appeal, Puente challenges his convictions on the basis that the plea bargain was void because the trial court had no jurisdiction over the misdemeanor charges.

---

1. In fact, Puente asserts that one of the misdemeanors, "fume sniffing," is not an offense at all.

*See* TEX.CODE CRIM. PROC. ANN. art. 4.05 (Vernon Supp.2001). His notice of appeal specified that the appeal is for a jurisdictional defect and asserts that the issue of jurisdiction was raised in the motion to terminate the deferred adjudication order and was "raised by written motion and ruled on before trial." TEX.R.APP. P. 25.2(b)(3)(A), (B).

## OUR ORIGINAL DISPOSITION

We found on original submission that the plea agreement was based in part on the disposition of the misdemeanor charges which the trial court had no jurisdiction to resolve. Because we had recently reversed a similar judgment and returned the parties to their pre-plea status, we reversed Puente's conviction. *Smith v. State*, 40 S.W.3d 701, 702 (Tex.App.—Waco 2001, pet. filed) (citing *Heath v. State*, 817 S.W.2d 335, 337 (Tex.Crim.App.1991)) ("We hold that both the order placing appellant on probation and the order revoking probation and sentencing appellant . . . are void.").

## SPA PETITION FOR DISCRETIONARY REVIEW

The State Prosecuting Attorney urges that disposition of this appeal is controlled by *Ervin v. State*, 991 S.W.2d 804 (Tex.Crim.App.1999), and *Manuel v. State*, 994 S.W.2d 658 (Tex.Crim.App.1999). *Ervin*, he asserts, allows the State to waive the illegal portion of a sentence; *Manuel* holds that a defendant granted deferred adjudication may raise issues relating to the original plea proceeding only in an appeal taken when the order granting deferred adjudication is first imposed, not after adjudication.

## MORE RECENT DECISIONS

In addition to the cases cited by the SPA, we will discuss two recent decisions of the Court of Criminal Appeals which impact our disposition of the issue: *Ex parte Williams*, No. 73,845, 2001 WL 356290 (Tex.Crim.App. April 11, 2001), and *State v. Seidel*, 39 S.W.3d 221 (Tex.Crim. App.2001).[2]

## ORDER GRANTING DEFERRED ADJUDICATION AND IMPOSING COMMUNITY SUPERVISION

Our decision in *Smith* was based on *Heath*. The decision in *Heath* has been called into question by the recent decision in *Williams*. *Ex parte Williams*, No. 73,-845, slip op. at 5. *Williams* holds that the rule that an illegal sentence is void does not necessarily apply to an unauthorized grant of probation, because "illegal sentences and unauthorized probation orders are two different things." *Id.* at 3,. Thus, we must determine whether the order granting deferred adjudication and placing Puente on community supervision (the deferring order) is void.

The deferring order was premised on two misdemeanors over which the court had no jurisdiction; no one disputes this. Thus, the court's imposition of community supervision after Puente pled guilty was, at least in part, because of offenses over which it had no jurisdiction.

◼ In *Seidel*, the Court of Criminal Appeals held:

A trial court may have jurisdiction to act over a case, yet lack authority to act in a particular manner over that case. Lack of *jurisdiction* over a case renders the judgment void, and it may always be collaterally attacked. Lack of *authority* to act in a particular manner may render the judgment either void or voidable depending on the type of the error, however. Unauthorized acts (or errors) can

2. Both opinions are available at the Court of Criminal Appeals' website: *www.cca.courts.state.tx.us*. Use the "opinions" link and choose the issue date.

be characterized as either "illegal" or "irregular." "Illegal acts" are defined as "acts that are not authorized by law." On the other hand, "irregular acts" are defined as "acts or practices that vary from the normal conduct of an action." While a judgment is merely "voidable for irregularity," it is "void for illegality."

*Seidel,* 39 S.W.3d at 224 (citations omitted). Applying these rules, we remain convinced that the deferring order, based in part on offenses over which the court had no jurisdiction, is void. That would be true either if the court lacked jurisdiction or committed an illegal act, *i.e.,* imposing four-years' community supervision for the misdemeanor offenses.

## ADJUDICATION AND SENTENCING

■ When the court heard the case at the "revocation" hearing on May 25, what was before it? Considering the deferring order as void, the court was confronted with an indictment that alleged a felony and two misdemeanors, a plea-bargain agreement that covered all three, a motion to declare the plea bargain invalid and return the parties to their original positions, and a motion to revoke based on a void order. The court recognized the jurisdictional defect and severed the misdemeanors from the felony. However, that action made the plea agreement unenforceable. Thus, the court erred in proceeding on the basis of the plea agreement in the face of the motion to set it aside. *Ex parte Austin,* 746 S.W.2d 226, 227 (Tex.Crim. App.1988) (When a provision of a plea bargain becomes unenforceable, the plea is considered involuntary.). The appropriate remedy in these circumstances is to withdraw the plea and return the parties to their respective positions prior to the plea. *Shannon v. State,* 708 S.W.2d 850, 852 (Tex.Crim.App.1986).

## RIGHT TO APPEAL

■ The SPA says that *Manuel* precludes our consideration of the issue Puente presents because he did not appeal from the order granting deferred adjudication. Although no appeal was taken at the time community supervision was imposed, we see nothing in *Williams* that modifies the long-standing rule that a void order may be attacked at any time. *Manuel* is not applicable to a complaint about a jurisdictional defect or an "illegal act" that renders a judgment void.

Furthermore, we have jurisdiction to review the trial court's ruling on the motion as well as the order revoking community supervision based on the earlier void order, both of which occurred at the time of revocation and not at the time Puente was granted deferred adjudication and placed on community supervision.

## STATE'S RIGHT TO WAIVE ILLEGAL SENTENCE

Citing *Ervin,* the SPA says that the "portion of the original judgment was legal as to the felony, but illegal as to the misdemeanors" and that the State had the right to proceed with the legal portion. The SPA further maintains that because the record is silent about whether Puente would have pled guilty to the felony had he known that the trial court did not have jurisdiction of the misdemeanors, he should be relegated to an application for writ of habeas corpus to request an evidentiary hearing to develop the record.

■ In our view, this argument is misplaced because the "original" judgment (the deferring order) is void. A determination that an order is void does not require a harm analysis to assess the validity of further proceedings that relied on that order. Were we to assess harm, however, we would find that harm resulted when the court overruled the motion to set aside the

plea agreement and proceeded to revoke community supervision based on violations of a void order.

 Even if we were to accept the SPA's argument and consider that the State had the right to waive the illegal portion of the deferring order, we would find that Puente's motion to set aside the plea agreement should have been granted. The agreement had become unenforceable because it was based on two charged offenses over which the court had no jurisdiction. Because the agreement was unenforceable, the plea is considered to be involuntary. *Ex parte Austin,* 746 S.W.2d at 227.

## CONCLUSION

Because the court did not have jurisdiction over two misdemeanors alleged in the indictment, the order granting deferred adjudication and imposing community supervision, based in part on those two offenses, is void. Thus, the court had no legal basis on which to revoke community supervision, adjudicate Puente's guilt, and sentence him.

Our opinion and judgment dated March 21, 2001, are withdrawn, and this opinion is substituted as the opinion of the court. TEX.R.APP. P. 50. The judgment is reversed and the cause remanded for trial, limited to the felony offense originally included in the indictment. The SPA's Petition for Discretionary Review is dismissed by operation of law. *Id.*