Todd Alan **DEIFIK**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–00–443–CR.

Court of Appeals of Texas,
Fort Worth.

Sept. 14, 2001.

Ward Casey, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, and Charles M. Mallin, Sylvia Mandel, and Barbara Griffin, Assistant Criminal District Attorneys, Fort Worth, for Appellee.

Panel A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

## OPINION ON THE STATE'S PE-TITION FOR DISCRETION-ARY REVIEW

SUE WALKER, Justice.

### INTRODUCTION

Pursuant to Texas Rule of Appellate Procedure 50, we withdraw our July 19, 2001 opinion issued in this cause and substitute this opinion. TEX.R.APP. P. 50. We rewrite on the State's Petition for Discretionary Review to clarify that we exercise direct jurisdiction over this appeal.

The primary issue in this appeal is whether this court possesses jurisdiction over appellant Todd Alan Deifik's ("Deifik") appeal. We conclude that we do have jurisdiction. Because Deifik and the State agree that the trial court's January 13, 1999 orders and August 25, 2000 judgment are void, we set them aside and remand this cause to the trial court for calculation of any credit due Deifik on his final July 16, 1998 judgment and sentence.

### PROCEDURAL HISTORY

#### 1. Deifik's First Deferred Adjudication and Subsequent Adjudication

Deifik was charged with the offense of possession of marihuana, enhanced by his use of a deadly weapon during the commission of the offense. Pursuant to a plea bargain agreement, he pleaded guilty to the offense and true to the deadly weapon allegation. The trial court accepted the parties' agreed punishment recommendation and placed Deifik on eight years' deferred adjudication community supervision.

Subsequently, the State filed a petition to proceed with an adjudication of guilt alleging Deifik had violated various terms of his probation. On July 16, 1998, the trial court revoked Deifik's probation, adjudicated him guilty, and sentenced him to four years' confinement. Deifik was incarcerated. He did not file a motion for new trial or a notice of appeal concerning the July 16, 1998 judgment.

#### 2. Deifik's Second Deferred Adjudication and Subsequent Adjudication

However, on November 20, 1998, Deifik filed a "Motion to Suspend Further Execu-

tion of Sentence," commonly known as a motion for "shock probation." The trial court conducted a hearing on the motion on January 13, 1999. Following the hearing, the trial court set aside and dismissed the July 16, 1998 judgment, sentence, and finding of guilt. The trial court allowed Deifik to enter a second plea of guilty to possession of marijuana, and imposed a second, ten year community supervision deferred adjudication. On March 21, 2000, the State filed a second petition to proceed with an adjudication of Deifik's guilt alleging that he violated his probation by committing a new offense, theft, in February 2000. On August 25, 2000, the trial court again revoked Deifik's community supervision and sentenced him to six years' confinement. Deifik timely filed a motion for new trial concerning the August 25, 2000 judgment. The trial court overruled the motion for new trial.

### 3. Deifik's Appeal

Two days later, Deifik filed a notice of appeal pursuant to Texas Rule of Appellate Procedure 25.2(b)(3)(A), specifically alleging that the appeal was for a jurisdictional defect. Deifik's notice asserted that his July 16, 1998 conviction became final prior to the trial court's January 13, 1999 order vacating that conviction. In four issues, he argues that the trial court lost plenary power over the July 16, 1998 judgment, that the July 16, 1998 judgment should be reinstated, and that he should be given credit for time served on that sentence.

### TRIAL COURT JURISDICTION

■ Deifik and the State agree that the July 16, 1998 judgment became final thirty days later, on August 15, 1998, because Deifik did not file a motion for new trial or a notice of appeal concerning that judgment. A trial court possesses limited jurisdiction over final judgments in felony cases where the sentence requires imprisonment in the Institutional Division of the Texas Department of Criminal Justice. TEX.CODE CRIM PROC. ANN. art. 42.12, § 6(a) (Vernon Supp.2001). For 180 days after the execution of the sentence actually begins, the trial court possesses continued limited jurisdiction to grant the defendant "shock probation." *Id.*

Here, 181 days after Deifik's sentence commenced, the trial court vacated the July 16, 1998 judgment adjudicating his guilt. The State and Deifik agree that the trial court had no jurisdiction to vacate the July 16, 1998 final judgment, and that the trial court's January 13, 1999 deferred adjudication order and its August 25, 2000 judgment adjudicating Deifik's guilt are void. We agree. *See Nix v. State,* No. 793–00, slip op. at 4, 2001 WL 717453, at *2 (Tex.Crim.App. June 27, 2001) (recognizing that if original judgment imposing deferred adjudication community supervision is void, subsequent revocation order and judgment adjudicating guilt are also void); *Puente v. State,* 48 S.W.3d 379, 382–383 (Tex.App.—Waco 2001, pet. granted) (op. on PDR) (holding that because trial court lacked jurisdiction over misdemeanor offenses, order imposing community supervision for misdemeanors was void). The record before us leaves no question that the trial court lacked jurisdiction to set aside the July 16, 1998 judgment. Accordingly, we hold that the trial court's January 13, 1999 orders and its August 25, 2000 judgment are void. We sustain Deifik's first and second issues.

### APPELLATE COURT JURISDICTION

The State and Deifik disagree, however, on the remedies available to Deifik. Deifik argues that we should reverse the August 25, 2000 judgment and sentence, order the July 16, 1998 judgment and sentence rein-

stated, and order that he be given credit for time served on that sentence. The State argues that we do not possess jurisdiction over Deifik's appeal because, in accordance with article 11.07 of the Code of Criminal Procedure, only the Court of Criminal Appeals may grant time credit or relief from custody imposed pursuant to a void conviction.

■ In support of its contention that we lack jurisdiction, the State relies on *Hern v. State,* 892 S.W.2d 894, 895–96 (Tex. Crim.App.1994), *cert. denied,* 515 U.S. 1105, 115 S.Ct. 2252, 132 L.Ed.2d 259 (1995). The State correctly asserts that only the court of criminal appeals may grant relief from a *final* felony conviction. The conviction from which Deifik seeks relief, however, is the August 25, 2000 void judgment. That judgment is not "final" because Deifik timely perfected this appeal. Deifik is not seeking relief from the July 16, 1998 final conviction. To the contrary, Deifik desires to be confined pursuant to the July 16, 1998 judgment instead of pursuant to the August 25, 2000 void judgment. Because Deifik's timely appeal of the August 25, 2000 void judgment does not seek relief from a *final* felony conviction, we hold that we possess jurisdiction over his appeal.

Next, the State claims we lack jurisdiction because Deifik is appealing from a deferred adjudication community supervision. The State argues that Deifik is statutorily precluded from challenging the trial court's August 25, 2000 determination to proceed with an adjudication of his guilt and that he failed to timely appeal the trial court's January 13, 1999 order placing him on deferred adjudication community supervision. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b); *Manuel v. State,* 994 S.W.2d 658, 660 (Tex.Crim.App.1999). We disagree.

■ A void order placing a defendant on deferred adjudication community super-vision, followed by a void judgment adjudicating the defendant's guilt, are both subject to attack on direct appeal. *Nix,* No. 793–00, slip op. at 4, —— S.W.3d at ——, 2001 WL 717453, at * 2; *Ex parte Seidel,* 39 S.W.3d 221, 225 (Tex.Crim.App.2001). Despite the general *Manuel* rule prohibiting a defendant placed on deferred adjudication community supervision from raising issues related to his original plea proceeding in an appeal following an adjudication of his guilt, a defendant may complain that the original order placing him on deferred adjudication community supervision is void. *Nix,* No. 793–00, slip op. at 4, —— S.W.3d at ——, 2001 WL 717453, at * 2. The Court of Criminal Appeals explained:

> Our cases recognize two exceptions to the general [*Manuel*] rule, which exceptions we shall call (1) the "void judgment" exception, and (2) the "habeas corpus" exception. The void judgment exception recognizes that there are some rare situations in which a trial court's judgment is accorded no respect due to a complete lack of power to render the judgment in question. *A void judgment is a "nullity" and can be attacked at any time.* If the original judgment imposing probation was void, then the trial court would have no authority to revoke probations, since, with no judgment imposing probation (because it is a nullity), there is nothing to revoke. In past cases involving regular probation, *we have recognized that a defendant can raise on appeal from a revocation proceeding an error in the original plea hearing if the error would render the original judgment void. In accordance with the reasoning of these precedents, we hold that the void judgment exception also applies in the deferred adjudication context.*

*Id.* (emphasis added) (citations omitted).

■ This is one of the rare situations in which a trial court's judgment is accorded

no respect due to a complete lack of power to render the judgment in question. *See Nix,* No. 793–00, slip op. at 4, —— S.W.3d at ——, 2001 WL 717453, at * 2. The January 13, 1999 orders and August 25, 2000 judgment are *void.* Accordingly, Deifik may challenge them both in this appeal following the trial court's adjudication of his guilt. *See Nix,* No. 793–00, slip op. at 4, —— S.W.3d at ——, 2001 WL 717453, at * 2; *Ex parte Seidel,* 39 S.W.3d at 225; *Puente,* 48 S.W.3d at 382–383. We review the void January 13, 1999 order vacating the July 16, 1998 judgment, the void January 13, 1999 deferred adjudication community supervision order, and the void August 25, 2000 judgment adjudicating Deifik's guilt directly in this appeal. *Nix,* No. 793–00, slip op. at 4, —— S.W.3d at ——, 2001 WL 717453, at * 2. We hold that we possess jurisdiction over Deifik's claims.

### PROPER REMEDY

Deifik argues that because the July 16, 1998 judgment is final and all subsequent proceedings were nullities, he is entitled to have the original, July 16, 1998 judgment and four year sentence reinstated. He also asserts that the time he actually served, as well as the period of time he was on deferred adjudication community supervision pursuant to the January 13, 1999 order, must be credited to him as time served toward the July 16, 1998 four year sentence.

■■ When the trial court acts without jurisdiction, the proper remedy is to return the parties to the positions they occupied prior to the trial court's actions. *See, e.g., Smith v. State,* 40 S.W.3d 701, 702 (Tex.App.—Waco 2001, pet. filed) (holding proper remedy when trial court lacked jurisdiction over misdemeanors was to return parties to pre-plea status); *Morris v. State,* 658 S.W.2d 310, 311–12 (Tex.App.—

Houston [1st Dist.] 1983, no pet.) (holding proper remedy when trial court granted new trial without authority was to return parties to same positions as if new trial had not been granted). Thus, we hold that Deifik should be confined pursuant to the July 16, 1998 final judgment sentencing him to four years' confinement. We sustain Deifik's third issue.

■ A sentence must be continuous and a prisoner or inmate cannot be required to serve his sentence in installments, unless it is shown that a premature or unlawful release of the prisoner or inmate resulted or occurred through some fault on the part of the prisoner or inmate. *In re Busby,* No. 73, 797, slip op. at 4–5, —— S.W.3d ——, —— –——, 2001 WL 219375, at * 2 (Tex.Crim.App. March 7, 2001); *Ex parte Morris,* 626 S.W.2d 754, 756–57 (Tex.Crim.App.1982). If a prisoner or inmate is released through no fault of his own, he is entitled to credit on his sentence for the time spent at liberty. *Busby,* No. 73, 797, slip op. at 5, —— S.W.3d at ——, 2001 WL 219375, at * 2.

The record before us does not reflect why the trial court vacated Deifik's first adjudication of guilt and sentence. The trial court is in the best position to determine whether Deifik bears any responsibility for his release and what, if any, credit is due on his original four year sentence. To this extent, we sustain Deifik's fourth issue and remand this case to the trial court for the computation of any time credit due Deifik on this sentence.

### CONCLUSION

Having sustained the four issues presented by Deifik, we reverse the August 25, 2000 void judgment, vacate the void January 13, 1999 order that set aside and dismissed the July 16, 1998 judgment, and vacate the void January 13, 1999 void deferred adjudication community supervision

order. We remand this case to the trial court for determination of what credit Deifik is due on the sentence imposed in the July 16, 1998 judgment.