Donald R. **STEWART,** Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 10–00–062–CR, 10–00–063–CR.

Court of Appeals of Texas, Waco.

Feb. 6, 2002.

Marc F. Gault, Arlington, for appellant.

Joe F. Grubbs, County & Dist. Atty. for Ellis County, Cynthia W. Hellstern, Asst. County & Dist. Atty. for Ellis County, Waxahachie, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION ON PETITION FOR DISCRETIONARY REVIEW

REX D. DAVIS, Chief Justice.

On December 12, 2001, we issued an opinion and judgment affirming the conviction in our cause number 10–00–62–CR and reversing a portion of the judgment under review in our cause number 10–00–63–CR. We remanded the latter cause to the trial court for a new punishment hearing. The State tendered a petition for discretionary review to this Court on January 11, 2002, seeking review of our decision in cause number 10–00–63–CR. In accordance with Rule of Appellate Procedure 50, we issue this modified opinion within thirty days after the State filed its petition for discretionary review. *See* TEX. R.APP. P. 50; *Puente v. State,* 48 S.W.3d 379, 383 (Tex.App.-Waco 2001, pet. granted).[1]

### Background

Stewart and a passenger, Bernadette Esparza, were driving home together from a club when Stewart's truck overturned as he was passing another car. The truck rolled over several times, ejecting Esparza. Esparza died shortly thereafter. A grand jury presented separate indictments

---

1. The Court of Criminal Appeals granted discretionary review in *Puente* on issues other than the application of Rule of Appellate Procedure 50. *See Puente v. State,* No. 01–1364 (Tex.Crim.App. Oct. 10, 2001) (order granting petition for discretionary review).

against Donald Stewart for failure to stop and render aid ("FSRA") and manslaughter.

After a combined trial on both charges, a jury convicted him of FSRA and criminally negligent homicide, a lesser included offense of the manslaughter charge. The jury sentenced him to three years' confinement for FSRA and three-and-one-half years' confinement for criminally negligent homicide. Stewart perfected a separate appeal for each conviction.

In the FSRA appeal, docketed in this Court under cause number 10–00–062–CR, Stewart claims in two points that: 1) the evidence is factually insufficient to support a conviction; and 2) the trial court's punishment charge in the criminally negligent homicide case improperly influenced the jury's assessment of punishment for FSRA. With regard to the criminally negligent homicide appeal, docketed in this Court under cause number 10–00–063–CR, Stewart alleges in four points that the trial court erred: 1) because the evidence is legally and factually insufficient to support the conviction for criminally negligent homicide; 2) by denying his motion to quash the indictment; 3) by failing to instruct the jury on concurrent causation; and 4) during the punishment phase by not requiring the jury to make a deadly weapon finding.

## Legal and Factual Sufficiency

Stewart argues in the first point of his FSRA appeal that the evidence is factually insufficient to support a conviction for failure to stop and render aid. He also contends in the first point of his homicide appeal that the evidence is legally and factually insufficient to support a conviction for criminally negligent homicide.

■ We review the evidence in a legal sufficiency challenge in the light most favorable to the verdict and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Lacour v. State*, 8 S.W.3d 670, 671 (Tex.Crim.App.2000) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). The factfinder is entitled to evaluate the credibility of witnesses and is entitled to believe all, some or none of the evidence presented. *See Chambers v. State*, 805 S.W.2d 459, 461 (Tex.Crim.App.1991). A jury verdict must stand unless it is found to be irrational or unsupported by some evidence. *See Moreno v. State*, 755 S.W.2d 866, 868 (Tex.Crim.App.1988) (citing *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789).

■ When we review a factual sufficiency challenge, we view all the evidence in a neutral light and reverse only if the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Johnson v. State*, 23 S.W.3d 1, 13 (Tex.Crim.App.2000) (citing *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App.1996)); *Perkins v. State*, 19 S.W.3d 854, 856 (Tex.App.-Waco 2000, pet. ref'd.). This occurs when "the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof." *Johnson*, 23 S.W.3d at 11. This review must defer to the jury verdict so as to avoid an appellate court substituting its judgment for that of the jury. *See Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App.1997); *Clewis*, 922 S.W.2d at 133.

## Failure to Stop and Render Aid

■ Stewart claims that the evidence is factually insufficient to prove he knowingly left the scene of the accident and that it was apparent Esparza required

medical attention. The elements of failure to stop and render aid are: 1) an operator of a motor vehicle; 2) intentionally and knowingly; 3) involved in an accident; 4) resulting in personal injury or death; 5) fails to stop and render reasonable assistance. *See St. Clair v. State*, 26 S.W.3d 89, 98 (Tex.App.-Waco 2000, pet. ref'd.). The culpable mental state for FSRA is proven by showing that "the accused had knowledge of the circumstances surrounding his conduct," meaning that the defendant had knowledge that an accident occurred. *Id.* The fifth element may be satisfied by proof that the operator of a motor vehicle knowingly involved in an accident involving injury or death failed to remain at the scene until he had given his name, address and vehicle information, shown his drivers license to anyone involved, or provided any person injured in the accident reasonable assistance. *Id.* at 99.

█ The indictment in this case alleges that Stewart committed the offense by: 1) leaving the scene of the accident without giving his name, address and registration number of the vehicle, or the name of his motor vehicle insurance carrier to anyone; and 2) by leaving the scene without rendering reasonable assistance to Esparza when it was apparent she was in need of treatment. Several witnesses testified that after the truck overturned and came to a complete stop, Stewart was seen leaving the scene of the accident. The witnesses testified that they called out to Stewart as he was running away. They testified that he stopped, turned and looked, then continued away from the scene. The State also introduced testimony that Stewart did not leave any type of information with witnesses, nor did he render any assistance to Esparza.

Stewart claims it was not apparent that Esparza needed medical treatment at the scene. However, witnesses testified she was thrown from the vehicle and came to rest several yards away from the vehicle. The witnesses testified that they located her at the scene and it was obvious she needed medical treatment. Stewart did not present any evidence to the contrary.

Based on the record in this case, we find the evidence is factually sufficient to support the conviction for FSRA. Accordingly, we overrule point one in the FSRA appeal.

### Criminally Negligent Homicide

█ Stewart claims the evidence is legally and factually insufficient to support a conviction for criminally negligent homicide. He argues the evidence is insufficient to prove, beyond a reasonable doubt, that his acts caused the automobile accident resulting in the death of Esparza. Christy Cooper witnessed the accident in her rear view mirror and testified that immediately prior to the accident Stewart was driving recklessly, changing lanes in an unsafe manner, and driving at an unsafe speed. Hailey Mae testified that Stewart passed her in the correct lane, but when he passed her the truck began flipping. She could not say why the truck began flipping over. Cecil Whitten was behind Stewart when the accident occurred. He stated that Stewart almost rear-ended him and swerved around him dangerously. Whitten testified that Stewart ran up behind two cars very closely, straddling the middle stripe, and as the car in the left-hand lane began to move into the right-hand lane, Stewart accelerated and swerved into the left lane to pass. Whitten testified that as Stewart was passing, his car overshot the left lane and drove onto the shoulder. According to Whitten's testimony, Stewart then overcorrected to the right and the truck began to turn over. The truck crossed the left and right hand lanes and rested on the right-hand shoulder. Officer David Miranda's investigation

at the scene corroborated Whitten's testimony.

Viewing the evidence in the light most favorable to the verdict, we conclude the evidence is legally sufficient to support the conviction for criminally negligent homicide. Viewing all the evidence in a neutral light, we conclude the evidence is factually sufficient to support the conviction for criminally negligent homicide. Accordingly, we overrule point one in the criminally negligent homicide case.

### Indictment

Stewart's second point in the homicide appeal alleges that the indictment for manslaughter is insufficient because it does not state with certainty the acts or circumstances alleged to be reckless. He argues the indictment does not provide sufficient notice of the nature of his alleged recklessness, because it does not state why the acts alleged in the indictment were reckless.

██ The indictment alleges that Stewart recklessly caused the death of Esparza by operating a motor vehicle and:

1) failing to keep a proper lookout for other vehicles he was approaching;

2) failing to keep his vehicle under proper control;

3) failing to timely apply the brakes to his vehicle;

4) failing to maintain his vehicle in a single lane of traffic;

5) driving his vehicle at too great a rate of speed while approaching other vehicles traveling in the same direction at a slower rate of speed;

6) failing to maintain an assured clear distance between the vehicle he was driving and the vehicles ahead of his vehicle; and,

7) changing lanes in an unsafe manner,

which caused the truck to leave the roadway and overturn, causing Bernadette Esparza to be ejected.

Under article 21.15 of the Code of Criminal Procedure, an indictment must allege with reasonable certainty the act or acts relied upon to constitute recklessness. *See* TEX.CODE CRIM. PRO. ANN. art. 21.15 (Vernon Supp.1989). The Court of Criminal Appeals has held that an indictment alleging solely that a defendant "drove a motor vehicle at an excessive speed" is sufficient for purposes of article 21.15. *See Townsley v. State,* 538 S.W.2d 411, 412 (Tex. Crim.App.1976). Therefore, we find the indictment alleges with reasonable certainty the acts constituting recklessness. We overrule point two in the homicide appeal.

### Concurrent Causation

Stewart contends in the third point of the homicide appeal that the trial court erroneously denied his request for a jury instruction on concurrent causation. Section 6.04 of the Texas Penal Code provides, in pertinent part, that "a person is criminally responsible if the result would not have occurred, but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to cause the result and the conduct of the actor was clearly insufficient." *See* TEX. PEN.CODE ANN. § 6.04(a) (Vernon 1994). Stewart requested that the trial court include a jury instruction stating that a person "does not commit an offense against the laws of this state if an adult passenger elects not to wear or fails to wear a seatbelt."

██ We find this request is not a proper request for a concurrent causation instruction. Stewart requested an instruction that simply provides for non-liability if a passenger does not wear their seatbelt, not a concurrent cause of the injury resulting in death. Therefore, he has not pre-

served a complaint on this issue. *See Posey v. State,* 966 S.W.2d 57, 62 (Tex.Crim. App.1998). Even if the complaint was preserved, we find Esparza's conduct in not wearing her seat belt was not sufficient by itself to cause the injuries resulting in her death. *See* TEX. PEN.CODE ANN. § 6.04(a). We overrule point three in the homicide appeal.

## Deadly Weapon Finding

In the fourth point of the homicide appeal, Stewart claims that the trial court erred in instructing the jury in the punishment charge that the punishment range was for a third degree felony when a proper deadly weapon finding had not been made by the jury. Stewart claims in the second point in his FSRA appeal that this alleged error necessarily affected the jury's assessment of punishment in the FSRA case.

The indictment alleges that Stewart used and exhibited a deadly weapon, to wit: a motor vehicle, in the commission of the offense of manslaughter. The court's charge on guilt-innocence submitted the offense charged and the lesser-included offense of criminally negligent homicide. The application paragraph authorizing a conviction for the lesser offense reads as follows:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 17th day of April, 1999, in Ellis County, Texas, the defendant, Donald Ray Stewart, did drive and operate a motor vehicle on a public road or highway in Ellis County, Texas, and that the defendant, while so driving and operating said motor vehicle at the time and place in question, [alternatively committed one of several acts or omissions] which acts or ommissions [sic] singularly or in combination, if any, by the defendant in so driving was criminally negligent, as that term has been herein defined, and that while the defendant was so driving and conducting himself, if he did, he caused the death of an individual, namely Bernadette Esparza, by causing Bernadette Esparza to be violently ejected from the vehicle, and that said criminal negligence, if you find there was criminal negligence in said driving, was the cause of the death of said Bernadette Esparza, and you further find the defendant did then and there use or exhibit a deadly weapon to wit a motor vehicle, which in the manner of its use or intended use was capable of causing death or serious bodily injury, then you will find the defendant guilty of criminally negligent homicide as included in the indictment.

The punishment charge did not require a separate deadly weapon finding. Stewart claims the court improperly allowed an implied deadly weapon finding when the court instructed the jury to assess his punishment for criminally negligent homicide at the level of a third degree felony.

Criminally negligent homicide is a state jail felony with a punishment range of confinement in state jail for not less than 180 days and not more than two years. *See* TEX. PEN.CODE ANN. § 12.35(a) (Vernon 1994). However, if it is shown on the trial of a state jail felony that a deadly weapon was used or exhibited in the commission of the offense, the punishment is enhanced to the level of a third degree felony. *See* TEX. PEN.CODE ANN. § 12.35(c)(1) (Vernon 1994).

Stewart argues that an affirmative deadly weapon finding is required to invoke the enhancement provision of section 12.35(c)(1). Stewart cites *Polk v. State* for authority that an affirmative deadly weapon finding is made when: (1) the indictment alleges a deadly weapon was used and the jury finds the defendant "guilty as

charged in the indictment"; (2) the indictment alleges a deadly weapon by design, and the jury finds the defendant "guilty as charged in the indictment"; or (3) a special issue is submitted to the trier of fact and answered affirmatively. 693 S.W.2d 391, 394 (Tex.Crim.App.1985).

The Court of Criminal Appeals has plainly held that a guilty verdict such as that rendered in Stewart's homicide case is not sufficient to support the entry of an affirmative deadly weapon finding under *Polk* and article 42.12, section 3g of the Code of Criminal Procedure. *See Davis v. State,* 897 S.W.2d 791, 793–94 (Tex.Crim. App.1995); *Ex parte Flannery,* 736 S.W.2d 652, 652–53 (Tex.Crim.App.1987). However, Stewart's case involves section 12.35(c)(1) of the Penal Code, not article 42.12, section 3g.

Article 42.12, section 3g, requires "an affirmative finding" on the deadly weapon issue. *See* Tex.Code Crim. Proc. Ann. art. 42.12, § 3g (Vernon Supp.2002). Conversely, section 12.35 requires only that it be "shown on the trial of the offense" that a deadly weapon was used or exhibited. *See* Tex. Pen.Code Ann. § 12.35(c)(1). Such a showing authorizes an enhancement of punishment from a state jail felony to a third degree felony. *Id.* The State argues that section 12.35 does not require an affirmative finding in the same manner as article 42.12, section 3g does. We agree.

 The language in section 12.35(c) is analogous to the language in section 49.09 of the Penal Code. Section 49.09 requires that it be "shown on the trial of the of-

fense" that a defendant has been previously convicted of one or more DWI's to elevate a subsequent DWI to a Class A misdemeanor or a third degree felony. *See* Tex. Pen.Code Ann. § 49.09(a), (b) (Vernon Supp.2002). The trial court need not submit a separate issue on prior DWI convictions to properly invoke the provisions of section 49.09. *See Smith v. State,* 65 S.W.3d 332, 337–338, 2001 Tex.App. LEXIS 8149, at *4–7 (Tex.App.-Waco 2001, no pet. h.). Due to the similarity of the language between sections 12.35(c)(1) and 49.09, we hold that section 12.35(c)(1) does not require a separate deadly weapon finding if the charge on guilt-innocence authorizes a conviction only if the jury finds beyond a reasonable doubt that the accused used or exhibited a deadly weapon.[2]

The court's charge authorized a conviction for criminally negligent homicide only if the jury found beyond a reasonable doubt that Stewart used or exhibited a deadly weapon during the commission of the offense. The jury's guilty verdict under this charge is sufficient to invoke the enhancement provisions of section 12.35(c)(1). Thus, the court properly charged the jury to assess Stewart's punishment at the level of a third degree felony. Accordingly, we overrule the fourth point in the homicide appeal and the second point in the FSRA appeal.

Our opinion and judgment dated December 12, 2001 are withdrawn, and this opinion and our judgment of even date herewith are substituted therefor.[3] *See* Tex.

---

**2.** We do not foreclose the possibility that the State may choose to pursue the deadly weapon issue during the punishment phase of a state jail felony prosecution. In this instance, a separate finding would be required in the same manner as separate findings are required for enhancement and habitual allegations under section 12.42 of the Penal Code.

*See Nevarez v. State,* 832 S.W.2d 82, 86 (Tex. App.-Waco 1992, pet. ref'd).

**3.** Because Stewart filed no motion for rehearing in our cause number 10–00–62–CR, our plenary power over the judgment in that cause continues for 60 days. *See* Tex.R.App. P. 19.1(a).

R.App. P. 50; *Puente*, 48 S.W.3d at 383. We affirm the judgment in both cases. The State's petition for discretionary review is dismissed by operation of law. *Id.*