Anthony Laroy Dawson v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-202-CR

     ANTHONY LAROY DAWSON,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 82nd District Court
Falls County, Texas
Trial Court # 7497
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      A jury convicted Anthony Laroy Dawson of aggravated assault and assessed his punishment
at ten years’ imprisonment and a $7,500 fine. Dawson presents five issues in which he contends:
(1) the evidence is factually insufficient to prove the allegations of the indictment; (2) the trial
court erred by permitting the State to amend the indictment at trial over his objection; (3) he
received ineffective assistance of counsel because trial counsel failed to object to evidence and
argument by the State regarding his post-arrest silence; (4) the court erred by entering a deadly
weapon finding in the judgment; and (5) the court erred by admitting evidence of his juvenile
record during the punishment phase of trial.
BACKGROUND
      The record shows that Dawson and the complainant Andrew Davis got into a verbal
altercation on the date in question. According to Davis, Dawson began to walk away then turned
“quickly” and began shooting at him with a .25 caliber pistol. As Davis ran away, he recalled that
Dawson fired about five shots. Davis was hit in the genital area. Dawson’s witnesses on the other
hand testified that Dawson shot Davis only after Davis threatened to hit him with a liquor bottle. 
The jury rejected Dawson’s self-defense claim and convicted him of shooting Davis.
THE INDICTMENT
      Dawson alleges in his second issue that the trial court erroneously permitted the State to
amend the indictment at trial. The State responds that the “amendments” at issue are actually
allegations which it abandoned.
      Article 28.10 of the Code of Criminal Procedure prohibits the amendment of an indictment
at trial if the defendant objects. Tex. Code Crim. Proc. Ann. art. 28.10(b) (Vernon 1989). 
However, the State may abandon certain allegations in an indictment at trial without violating this
prohibition. Eastep v. State, 941 S.W.2d 130, 135 (Tex. Crim. App. 1997), overruled in part on
other grounds by Riney v. State, 28 S.W.3d 561, 566 (Tex. Crim. App. 2000); Hardie v. State,
79 S.W.3d 625, 632 n.1 (Tex. App.—Waco 2002, pet. ref’d); Moore v. State, 54 S.W.3d 529,
546-47 (Tex. App.—Fort Worth 2001, pet. ref’d). Thus, the State may abandon: (1) the allegation
of one or more alternative means of committing an offense; (2) an allegation which, if abandoned,
reduces the prosecution to a lesser-included offense; or (3) surplusage. Id.
      An amendment to an indictment must be memorialized by some writing in the trial court’s
file. See Riney, 28 S.W.3d at 565-66; Aguilera v. State, 75 S.W.3d 60, 63-64 (Tex. App.—San
Antonio 2002, pet. ref’d); Hoitt v. State, 30 S.W.3d 670, 674 (Tex. App.—Texarkana 2000, pet.
ref’d). Conversely, no writing is required to accomplish an abandonment. See Proctor v. State,
841 S.W.2d 1, 2, 4 (Tex. Crim. App. 1992).
      The indictment presented by the grand jury alleges in pertinent part that Dawson did:
intentionally, knowingly or recklessly cause serious bodily injury to another, namely:
Andrew Lee Davis by shooting Andrew Lee Davis in the groin; and, Anthony Laroy
Dawson did then and there use and exhibit a deadly weapon, namely: .25 caliber pistol,
during the commission of said offense, and said weapon, in the manner of its use or
intended use, was capable of causing serious bodily injury.

      The State filed a pretrial motion to amend the indictment in three respects: (1) by striking the
phrase “in the groin”; (2) by striking the word “serious” in describing the extent of Davis’s
injury; and (3) by replacing the phrase “.25 caliber pistol” with the phrase “a firearm.” At the
conclusion of a hearing on the State’s motion, the court signed an order granting the motion,
nineteen days before trial.
      On the second day of trial and before the reading of the indictment, Dawson advised the court
that the State had not perfected its amendment of the indictment prior to the commencement of voir
dire. The court had altered the indictment during the course of voir dire by interlining the
previously approved amendments. Dawson asked the court to require the State to proceed on the
original indictment, arguing that the amendment was not perfected in a timely fashion.
      The original indictment alleged two different statutory means by which Dawson committed
the offense: (1) by causing serious bodily injury to Davis; and (2) by using or exhibiting a deadly
weapon during the assault. See Tex. Pen. Code Ann. § 22.02(a) (Vernon 2003). By deleting
the word “serious” in describing the extent of Davis’s injury, the State effectively abandoned one
of the alternative means of committing the offense originally alleged. No formal amendment was
required to accomplish this. See Eastep, 941 S.W.2d at 135; Hardie, 79 S.W.3d at 632; Moore,
54 S.W.3d at 546-47.
      “[A]llegations which are not essential to constitute the offense, and which might be entirely
omitted without affecting the charge against the defendant, and without detriment to the
indictment, are treated as surplusage.” Gollihar v. State, 46 S.W.3d 243, 249-50 (Tex. Crim.
App. 2001) (quoting Whetstone v. State, 786 S.W.2d 361, 364 (Tex. Crim. App. 1990)). 
However, the Court in Gollihar “overrule[d] the surplusage rule.” Id. at 256–57. This raises the
question whether the third category of allegations which the State can abandon (i.e., “surplusage”)
under Eastep is still viable.
      In Gollihar, the Court addressed the issue of whether the evidence presented at trial was
sufficient to sustain the defendant’s conviction in light of a variance between the allegations of the
indictment and the proof at trial. Id. Two courts of appeals have thus concluded that the Court
in Gollihar overruled the surplusage rule only insofar as it impacts a sufficiency-of-evidence
analysis. Hall v. State, 62 S.W.3d 918, 920 (Tex. App.—Dallas 2001, pet. ref’d); Moore, 54
S.W.3d at 547. We agree with this analysis.
      An indictment must allege “everything . . . which is necessary to be proved.” Tex. Code
Crim. Proc. Ann. art. 21.03 (Vernon 1989). Thus, an indictment must allege the elements of
the offense charged. Weaver v. State, 87 S.W.3d 557, 560 (Tex. Crim. App. 2002). The
elements of the offense are: “the forbidden conduct, the required culpability, any required result,
and the negation of any exception to the offense.” Id. at 561 (citing Tex. Pen. Code Ann. §
1.07(a)(22) (Vernon 2003)).
      Here, the “required result” is that Davis suffered bodily injury. The rule has long obtained
that the indictment need not allege what part of the victim’s body sustained the requisite injury. 
E.g., Mata v. State, 632 S.W.2d 355, 356 (Tex. Crim. App. 1982); McElroy v. State, 528 S.W.2d
831, 833 (Tex. Crim. App. 1975). Therefore, the allegation in the indictment as originally
presented that Dawson shot Davis “in the groin” constitutes surplusage. See Gollihar, 46 S.W.3d
at 249-50. Accordingly, the State could properly abandon this allegation without amending the
indictment. See Eastep, 941 S.W.2d at 135; Hardie, 79 S.W.3d at 632; Moore, 54 S.W.3d at
546-47.
      On the other hand, an allegation which describes a prohibited act or omission of the defendant
is not surplusage. See Curry v. State, 30 S.W.3d 394, 398-99 (Tex. Crim. App. 2000). Here,
the State had to prove that Dawson used or exhibited a deadly weapon when he caused bodily
injury to Davis. To provide proper notice, an indictment must allege “a particular object or
substance” which the State contends the defendant used or exhibited as a deadly weapon. See
Narron v. State, 835 S.W.2d 642, 643 (Tex. Crim. App. 1992); Flenteroy v. State, 105 S.W.3d
702, 709 (Tex. App.—Austin 2003, pet. granted);


 Mata v. State, 939 S.W.2d 719, 727 (Tex.
App.—Waco 1997, no pet.).
      The indictment originally alleged that Dawson used or exhibited a “.25 caliber pistol” as a
deadly weapon. The State’s “motion to amend” sought to change this allegation to one that
Dawson used or exhibited a “firearm.” Contrary to the State’s assertion, it did not seek to
“abandon” the original allegation. Rather, it sought to replace it with another. This constitutes
an “amendment.” See Curry, 30 S.W.3d at 398.
      The court improperly permitted the State to perfect this amendment at trial over Dawson’s
objection. See id. at 403; Tex. Code Crim. Proc. Ann. art. 28.10(b). We now must determine
whether Dawson was harmed by this non-constitutional error. See Wright v. State, 28 S.W.3d
526, 531-32 (Tex. Crim. App. 2000); Valenti v. State, 49 S.W.3d 594, 598 (Tex. App.—Fort
Worth 2001, no pet.); Westfall v. State, 10 S.W.3d 85, 91 (Tex. App.—Waco 1999, no pet.). 
Such error does not require reversal unless it affected the defendant’s “substantial rights.” Tex.
R. App. P. 44.2(b); Burnett v. State, 88 S.W.3d 633, 637 (Tex. Crim. App. 2002); Valenti, 49
S.W.3d at 598; Fowler v. State, 958 S.W.2d 853, 865 (Tex. App.—Waco 1997), aff’d, 991
S.W.2d 258 (Tex. Crim. App. 1999).
      The essential purpose of the indictment is to provide an accused notice of the allegations
against him. See Curry, 30 S.W.3d at 398. In this case, the original indictment put Dawson on
notice that the State would attempt to prove that he shot Davis with a .25 caliber pistol. The State
notified Dawson by pretrial motion that it intended to amend this allegation. The court granted
the State’s motion nineteen days before trial at the conclusion of a hearing in which Dawson’s
counsel participated. When Dawson’s counsel objected to the attempted amendment to the
indictment on the first day of trial, counsel conceded in a hearing outside the presence of the jury
that he was prepared to proceed on the amended indictment and had been preparing to proceed in
that manner since the date the trial court granted the motion to amend.
      In addition, we will conclude below that the evidence is factually sufficient to support the non-abandoned allegations of the original indictment.
      For the foregoing reasons, we conclude that Dawson’s substantial rights were not affected by
the amendment of the indictment. See Tex. R. App. P. 44.2(b); Valenti, 49 S.W.3d at 598-99;
Westfall, 10 S.W.3d at 91. Thus, we conclude that his second issue is without merit.
FACTUAL SUFFICIENCY
      Dawson claims in his first issue that the evidence is factually insufficient to establish that he
shot Davis “in the groin” with a “.25 caliber pistol” as originally alleged in the indictment.
      When the trial court has allowed an improper amendment and the defendant challenges the
sufficiency of the evidence to support the conviction, we measure the sufficiency of the evidence
against the indictment as it existed before the amendment. Curry, 30 S.W.3d at 404; Garza v.
State, 50 S.W.3d 559, 565 (Tex. App.—Houston [1st Dist.] 2001, no pet.); Westfall, 10 S.W.3d
at 91.
      We have already determined that the deletion of the phrase “in the groin” from the indictment
was an abandonment of surplusage rather than an amendment. Accordingly, we will not review
the sufficiency of the evidence to support this properly abandoned allegation.
      In reviewing a challenge to the factual sufficiency of the evidence, we begin with the
assumption that the evidence is legally sufficient. Santellan v. State, 939 S.W.2d 155, 164 (Tex.
Crim. App. 1997). We must view all the evidence without the prism of the “in the light most
favorable to the prosecution” construct. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996). We ask “whether a neutral review of all the evidence, both for and against the finding,
demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury’s
determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by
contrary proof.” Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); see also Goodman
v. State, 66 S.W.3d 283, 285 (Tex. Crim. App. 2001).
      We must also remain cognizant of the factfinder’s role and unique position—one that the
reviewing court is unable to occupy. Johnson, 23 S.W.3d at 9. The jury determines the
credibility of the witnesses and may “believe all, some, or none of the testimony.” Chambers v.
State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). It is the jury that accepts or rejects
reasonably equal competing theories of a case. Goodman, 66 S.W.3d at 287. A decision is not
manifestly unjust as to the accused merely because the factfinder resolved conflicting views of
evidence in favor of the State. Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997).
      Davis testified that Dawson shot him with a “.25 caliber pistol.” Dawson’s counsel cross-examined Davis about his knowledge of firearms. Davis responded that he knew it was a .25
caliber weapon because he had seen it once before.
      Dawson avers that the State should have produced expert testimony to establish what caliber
the pistol was. Thus, he argues that Davis’s testimony, “standing alone, is factually too weak to
support [the contested allegation].” Goodman, 66 S.W.3d at 285 (quoting Robert W. Calvert,
“No Evidence” and “Insufficient Evidence” Points of Error, 38 Tex. L. Rev. 361, 366 (1960)). 
However, a lay witness may provide his opinion regarding any fact of consequence if “the witness
has personal knowledge of the events on which his opinion is based and that this opinion is
‘rationally based on that knowledge.’” Webster v. State, 26 S.W.3d 717, 724 (Tex. App.—Waco
2000, pet. ref’d) (quoting Fairow v. State, 943 S.W.2d 895, 898 (Tex. Crim. App. 1997)). 
Applying this standard, we conclude that Davis was qualified to provide lay opinion testimony
regarding the caliber of Dawson’s weapon based on his prior familiarity with the weapon. Thus,
we hold that the State’s evidence regarding the caliber of Dawson’s weapon is not “so obviously
weak as to undermine confidence in the [verdict].” See Johnson, 23 S.W.3d at 11. Accordingly,
Dawson’s first issue is without merit.
INEFFECTIVE ASSISTANCE
      Dawson contends in his third issue that he received ineffective assistance of counsel at trial
because his attorney failed to object when the prosecutor questioned a detective about Dawson’s
failure to discuss his involvement in the shooting with the police, because his attorney inquired
further into this subject on cross-examination, and because his attorney failed to object to the
State’s closing argument on this issue.
      Dawson’s counsel was critical of the investigation on several fronts throughout his cross-examination of Detective Wetterman. He asked Wetterman whether he tried to discuss the
incident with Dawson before obtaining the arrest warrant. Wetterman responded that he was never
able to do so.
      The prosecutor asked whether Dawson had ever contacted the police about the incident. 
Wetterman responded that Dawson never did and added that Dawson “wasn’t talking” when
arrested. Dawson’s counsel did not object to this line of questioning.
      Dawson’s counsel confirmed through Wetterman that Dawson was merely exercising his
constitutional right to remain silent after arrest.
      At argument, the prosecutor characterized the discussion regarding Dawson’s silence as
follows:
Now on his cross-examination of James Wetterman, Mr. Karels said well, did you
seek Anthony Dawson and ask him what his side of the story was? Then when Mr.
Wetterman said they arrested him, oh, but he was invoking his right to silence. In other
words, they are trying to have it both ways.

Dawson’s counsel did not object to this argument.
      It cannot be gainsaid that the State violates the due process rights of a defendant when it offers
his post-arrest silence against him at trial. Doyle v. Ohio, 426 U.S. 610, 618, 96 S. Ct. 2240,
2245, 49 L. Ed. 2d 91, 98 (1976); Griffith v. State, 55 S.W.3d 598, 604-05 (Tex. Crim. App.
2001). However, such a violation must be preserved for appellate review by objection. Saldano
v. State, 70 S.W.3d 873, 889 & n.74 (Tex. Crim. App. 2002).
      To prevail on an ineffective assistance claim, an appellant must overcome the strong
presumption that counsel rendered reasonably professional assistance. Thompson v. State, 9
S.W.3d 808, 813-14 (Tex. Crim. App. 1999). Ordinarily, this presumption cannot be overcome
without evidence in the record of counsel’s reasons for the acts or omissions of which the appellant
complains. See Johnson v. State, 68 S.W.3d 644, 655 (Tex. Crim. App. 2002); Thompson, 9
S.W.3d at 813-14; Murray v. State, 24 S.W.3d 881, 891 (Tex. App.—Waco 2000, pet. ref’d). 
However, a single act or omission on counsel’s part can be so egregious as to constitute ineffective
assistance. Thompson, 9 S.W.3d at 813; Scott v. State, 57 S.W.3d 476, 483 (Tex. App.—Waco
2001, pet. ref’d).
      The record in this case is silent as to the reasons counsel acted or failed to act with regard to
the instances of which Dawson now complains. However, the record supports the notion that
Dawson’s counsel pursued this line of inquiry to attack the thoroughness of Detective Wetterman’s
investigation. Accordingly, we conclude that Dawson has failed to overcome the presumption that
counsel had sound reasons for acting or failing to act in each instance. Thus, we conclude that his
third issue is without merit.
DEADLY WEAPON FINDING
      Dawson argues in his fourth issue that the trial court should not have entered a deadly weapon
finding in the judgment because the jury did not find him guilty “as charged.”
      An affirmative deadly weapon finding is proper after a jury trial when: (1) the indictment
alleges a deadly weapon was used and the jury finds the defendant guilty as charged in the
indictment; (2) the indictment alleges a deadly weapon by design, and the jury finds the defendant
guilty as charged in the indictment; or (3) a special issue is submitted to the jury and answered
affirmatively. Davis v. State, 897 S.W.2d 791, 793 (Tex. Crim. App. 1995); Polk v. State, 693
S.W.2d 391, 396 (Tex. Crim. App. 1985); Stewart v. State, 70 S.W.3d 309, 314-15 (Tex.
App.—Waco 2002, pet. ref’d).
      Until recently, the jury’s verdict had to expressly find the defendant guilty “as charged” or
otherwise refer back to the allegations of the indictment to support an “express” deadly weapon
finding under the first and second alternatives noted above. E.g., Davis, 897 S.W.2d at 793-94;
Stewart, 70 S.W.3d at 316. However, the Court of Criminal Appeals has recently rejected this
approach. Now, the jury will be deemed to have made an express deadly weapon finding under
these alternatives if “the jury’s verdict . . . is based upon an application paragraph that explicitly
and expressly requires the jury to find that the defendant used a deadly weapon in the commission
of the offense.” Lafleur v. State, 106 S.W.3d 91, 98 (Tex. Crim. App. 2003).
      A pistol is a deadly weapon by design. See id. at 95. The application paragraph of the charge
required the jury to find that Dawson used a deadly weapon to assault Davis. The jury convicted
Dawson of the only offense submitted to it in the charge. Accordingly, the trial court properly
entered a deadly weapon finding in the judgment. Id. Thus, Dawson’s fourth issue is without
merit.
JUVENILE RECORD
      Dawson claims in his fifth issue that the court abused its discretion by admitting evidence
during the punishment phase that he had received deferred prosecution for four offenses as a
juvenile.
      A juvenile probation officer testified over objection that Dawson received deferred
prosecution for the offenses of resisting arrest, evading arrest, and manufacture and/or delivery
of cocaine. He was never adjudicated on any of these offenses.
      Article 37.07, section 3(a)(1) provides:
Regardless of the plea and whether the punishment be assessed by the judge or the
jury, evidence may be offered by the state and the defendant as to any matter the court
deems relevant to sentencing, including but not limited to the prior criminal record of the
defendant, his general reputation, his character, an opinion regarding his character, the
circumstances of the offense for which he is being tried, and, notwithstanding Rules 404
and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act
that is shown beyond a reasonable doubt by evidence to have been committed by the
defendant or for which he could be held criminally responsible, regardless of whether he
has previously been charged with or finally convicted of the crime or act. A court may
consider as a factor in mitigating punishment the conduct of a defendant while
participating in a program under Chapter 17 as a condition of release on bail. 
Additionally, notwithstanding Rule 609(d), Texas Rules of Evidence, and subject to
Subsection (h), evidence may be offered by the state and the defendant of an adjudication
of delinquency based on a violation by the defendant of a penal law of the grade of:

            (A) a felony; or

            (B) a misdemeanor punishable by confinement in jail.

Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2003).
      The language of the statute may lead one to conclude that only juvenile adjudications
involving a felony or jailable misdemeanor are admissible at punishment. Nevertheless, Texas
courts have consistently held that unadjudicated crimes or bad acts committed by the defendant as
a juvenile are admissible during the punishment phase of an adult criminal trial. See Strasser v.
State, 81 S.W.3d 468, 469-70 (Tex. App.—Eastland 2002, no pet.); Rodriguez v. State, 975
S.W.2d 667, 687 (Tex. App.—Texarkana 1998, pet. ref’d); see also Pitts v. State, 560 S.W.2d
691, 692 (Tex. Crim. App. [Panel Op.] 1978); Lindsay v. State, 102 S.W.3d 223, 227 (Tex.
App.—Houston [14th Dist.] 2003, pet. filed). Other commentators agree with this interpretation
of the statute. E.g., Robert O. Dawson, Texas Juvenile Law, 250-51 (5th ed., Tex. Juv. Probation
Commn. 2000).
      Accordingly, we conclude that Dawson’s fifth issue is without merit.
      We affirm the judgment.
 
                                                                   BILL VANCE
                                                                   Justice
Before Chief Justice Gray and
      Justice Vance
      (former Chief Justice Davis not participating)



Affirmed
Opinion delivered and filed December 31, 2003
Do not publish
[CR25]