NO. 07-03-0453-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 16, 2004

_____

SUMMER HELENA MILLER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 72513; HONORABLE CHARLES D. CARVER, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following appellant Summer Helena Miller's guilty plea to a charge of credit card abuse on April 21, 1997, the trial court found the evidence substantiated her guilt, but deferred further proceedings without entering a finding of guilt, and placed her on deferred adjudication community supervision for five years. In October of 2002, the trial court

conducted a hearing on the State's motion to proceed, adjudicated appellant guilty, revoked her community supervision, and sentenced her to one year confinement. Appellant timely filed a motion for new trial, and on December 18, 2002, the trial court vacated the sentence, reinstated appellant on deferred adjudication community supervision, and extended the term of supervision for one year. Following the hearing on a subsequent motion to proceed with adjudication of guilt, the trial court revoked appellant's community supervision and sentenced her to two years confinement. By this appeal, appellant claims, and the State concedes with commendable candor, that the trial court erred in sentencing her to a term of imprisonment. She further challenges the trial court's cumulation order and its calculation of time credit toward her sentence. We affirm the conviction, but reverse the punishment portion of the judgment, and remand the cause to the trial court for a new punishment hearing.

Appellant committed credit card abuse in July of 1996. That offense is a state jail felony. *See* Tex. Pen. Code Ann. § 32.31(d) (Vernon Supp. 2004).[1] At the time of the offense, the Code of Criminal Procedure provided, in pertinent part:

> On *conviction* of a state jail felony punished under Section 12.35(a), Penal Code, the judge *shall* suspend the imposition of the sentence of confinement and place the defendant on community supervision, *unless* the defendant has been previously convicted of a felony, in which event the judge may

---

[1]References to the Penal Code are to the current incarnation; however, unless otherwise noted, there is no substantive distinction between that version and its predecessor.

> suspend the imposition of sentence and place the defendant on community supervision or may order the sentence to be executed.

(Emphasis added). Act of May 29, 1995, 74th Leg., R.S., ch. 318, 1995 Tex. Gen. Laws

2754 (amended 1997 & 2003) (current version at Tex. Code Crim. Proc. Ann. art. 42.12 §

15(a) (Vernon Supp. 2004)). Thus, under the law in effect at the time of the offense, a

court was mandated to place a defendant on community supervision if the defendant had

never before been convicted of a felony.

With her first issue, appellant claims that "[u]pon revocation of state felony [sic]

probation, [her] sentence was limited to 'straight probation', not imprisonment." Because

"[n]o evidence was presented that Appellant had been previously convicted of a felony," the

State accedes that the trial court erred in sentencing appellant to confinement in state jail

after finding her guilty. We agree. Appellant was on deferred adjudication community

supervision in May of 2003 when the State moved to proceed with adjudication of guilt.[2]

She had no conviction for that offense until the court adjudicated her guilty in August of

---

[2]We agree with the State that it was within the plenary power of the court, by virtue of appellant's motion for new trial, to vacate its judgment of conviction and reinstate appellant on deferred adjudication community supervision following the first adjudication hearing. *See* McClinton v. State, 38 S.W.3d 747, 751 (Tex.App.–Houston [14th Dist.] 2001), *pet. dism'd, improvidently granted*, 121 S.W.3d 768 (Tex.Cr.App. 2003) (holding that a trial court retains jurisdiction to vacate, modify, or amend its own rulings within its plenary power); *cf.* Deifik v. State, 58 S.W.3d 794, 796 (Tex.App.–Fort Worth 2001, pet. ref'd) (declaring that when no motion for new trial is filed following a trial court's decision to adjudicate, a judgment assessing a term of imprisonment becomes final 30 days after judgment is entered).

2003.[3]  *Cf*. Hurley v. State, 130 S.W.3d 501, 505 (Tex.App.–Dallas 2004, no pet. h.) (holding that a trial judge's action in deferring the proceedings without entering an adjudication of guilt is not a conviction). When the court convicted her, it was mandated by the express language of the statute in effect at the time of the offense to suspend the imposition of the sentence and place her on community supervision. This the court failed to do. Appellant's first issue is sustained. Our resolution of this issue precludes a discussion of the remaining points.

Accordingly, we affirm the judgment of conviction, but reverse the punishment portion of the judgment, and remand the cause to the trial court for a new punishment hearing.

Don H. Reavis
Justice

Do not publish.

---

[3]As noted above, the trial court adjudicated appellant guilty once before in October of 2002. However, the court subsequently granted appellant's motion to reconsider / for new trial, vacated the judgment of conviction, and reinstated appellant on deferred adjudication community supervision.