NO. 07-03-0453-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 16, 2004



______________________________




SUMMER HELENA MILLER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;



NO. 72513; HONORABLE CHARLES D. CARVER, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Following appellant Summer Helena Miller's guilty plea to a charge of credit card
abuse on April 21, 1997, the trial court found the evidence substantiated her guilt, but
deferred further proceedings without entering a finding of guilt, and placed her on deferred
adjudication community supervision for five years. In October of 2002, the trial court
conducted a hearing on the State's motion to proceed, adjudicated appellant guilty, revoked
her community supervision, and sentenced her to one year confinement. Appellant timely
filed a motion for new trial, and on December 18, 2002, the trial court vacated the sentence,
reinstated appellant on deferred adjudication community supervision, and extended the
term of supervision for one year. Following the hearing on a subsequent motion to proceed
with adjudication of guilt, the trial court revoked appellant's community supervision and
sentenced her to two years confinement. By this appeal, appellant claims, and the State
concedes with commendable candor, that the trial court erred in sentencing her to a term
of imprisonment. She further challenges the trial court's cumulation order and its
calculation of time credit toward her sentence. We affirm the conviction, but reverse the
punishment portion of the judgment, and remand the cause to the trial court for a new
punishment hearing.

 Appellant committed credit card abuse in July of 1996. That offense is a state jail
felony. See Tex. Pen. Code Ann. § 32.31(d) (Vernon Supp. 2004). (1) At the time of the
offense, the Code of Criminal Procedure provided, in pertinent part:

 On conviction of a state jail felony punished under Section
12.35(a), Penal Code, the judge shall suspend the imposition
of the sentence of confinement and place the defendant on
community supervision, unless the defendant has been
previously convicted of a felony, in which event the judge may
suspend the imposition of sentence and place the defendant
on community supervision or may order the sentence to be
executed. 


(Emphasis added). Act of May 29, 1995, 74th Leg., R.S., ch. 318, 1995 Tex. Gen. Laws 
2754 (amended 1997 & 2003) (current version at Tex. Code Crim. Proc. Ann. art. 42.12 §
15(a) (Vernon Supp. 2004)). Thus, under the law in effect at the time of the offense, a
court was mandated to place a defendant on community supervision if the defendant had
never before been convicted of a felony. 

 With her first issue, appellant claims that "[u]pon revocation of state felony [sic]
probation, [her] sentence was limited to 'straight probation', not imprisonment." Because
"[n]o evidence was presented that Appellant had been previously convicted of a felony," the
State accedes that the trial court erred in sentencing appellant to confinement in state jail
after finding her guilty. We agree. Appellant was on deferred adjudication community
supervision in May of 2003 when the State moved to proceed with adjudication of guilt. (2) 
She had no conviction for that offense until the court adjudicated her guilty in August of
2003. (3) Cf. Hurley v. State, 130 S.W.3d 501, 505 (Tex.App.-Dallas 2004, no pet. h.)
(holding that a trial judge's action in deferring the proceedings without entering an
adjudication of guilt is not a conviction). When the court convicted her, it was mandated
by the express language of the statute in effect at the time of the offense to suspend the
imposition of the sentence and place her on community supervision. This the court failed
to do. Appellant's first issue is sustained. Our resolution of this issue precludes a
discussion of the remaining points.

 Accordingly, we affirm the judgment of conviction, but reverse the punishment
portion of the judgment, and remand the cause to the trial court for a new punishment
hearing.

 Don H. Reavis

 Justice


Do not publish.
1. References to the Penal Code are to the current incarnation; however, unless
otherwise noted, there is no substantive distinction between that version and its
predecessor.
2. We agree with the State that it was within the plenary power of the court, by virtue
of appellant's motion for new trial, to vacate its judgment of conviction and reinstate
appellant on deferred adjudication community supervision following the first adjudication
hearing. See McClinton v. State, 38 S.W.3d 747, 751 (Tex.App.-Houston [14th Dist.] 2001),
pet. dism'd, improvidently granted, 121 S.W.3d 768 (Tex.Cr.App. 2003) (holding that a trial
court retains jurisdiction to vacate, modify, or amend its own rulings within its plenary
power); cf. Deifik v. State, 58 S.W.3d 794, 796 (Tex.App.-Fort Worth 2001, pet. ref'd)
(declaring that when no motion for new trial is filed following a trial court's decision to
adjudicate, a judgment assessing a term of imprisonment becomes final 30 days after
judgment is entered). 
3. As noted above, the trial court adjudicated appellant guilty once before in October
of 2002. However, the court subsequently granted appellant's motion to reconsider / for
new trial, vacated the judgment of conviction, and reinstated appellant on deferred
adjudication community supervision.