

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NOS. 02-09-00368-CR
## 02-09-00369-CR

JOEL D. MILES                                                          APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## OPINION

----------

## I. Introduction

Appellant Joel D. Miles received deferred adjudication community supervision after he pleaded guilty to assault causing injury to a family member and possession of less than one gram of heroin. The State subsequently filed petitions to proceed to adjudication in both cases, alleging that Appellant committed a new robbery offense in violation of one of the conditions of his

community supervision. Appellant pleaded not true to the new offense, and following the presentation of evidence, the trial court found the State's allegation true and adjudicated Appellant's guilt in both cases. The trial court sentenced Appellant to twenty years' confinement for assault causing injury to a family member and 180 days' confinement for heroin possession. Appellant contends in one point on appeal that the trial court abused its discretion by revoking his community supervision and adjudicating his guilt in both cases because the evidence is insufficient to establish that he was the perpetrator of the new offense. We affirm.

## II. Background

On June 1, 2009, the trial court placed Appellant on deferred adjudication community supervision and ordered him to comply with certain terms and conditions, including that Appellant not "commit [an] offense against the laws of this State or any other state or of the United States." One month later, the State petitioned the trial court to proceed to adjudication alleging that on or about June 25, 2009, Appellant "intentionally or knowingly, while in the course of committing theft of property and with intent to obtain or maintain control of said property, cause[d] bodily injury, to Nora Rojo by striking her with [his] hand." At the revocation hearing, Appellant pleaded not true to the new offense.

At the revocation hearing, Nora Rojo testified that an assailant approached her car in a store parking lot, pushed her, hit her in the stomach, grabbed her

2

purse, and fled. Rojo and her son chased after the assailant until he jumped into a car and sped off. Miguel Fernandez and Edgar Rodriguez both testified to being in the area at the time of the offense and seeing a man with a purse being chased by a woman and a man. Fernandez and Rodriguez testified that the man with the purse drove off in a gold or silver car, and Fernandez memorized the car's license plate number as BMK196. In addition, Fernandez and Rodriguez each identified Appellant in open court as the perpetrator.

Officer Justin Tulles testified that he ran a computer check on the suspect's license plate number and drove toward the associated address where, shortly thereafter, a vehicle displaying the identified license plate number approached and parked in the driveway. Officer Tulles requested backup, and officers took the driver and his passenger into custody. Officers transported the driver (whom Officer Tulles identified in open court as Appellant) back to the robbery scene for potential identification by witnesses.

Rojo testified that she told the officers that the suspect in the patrol car was wearing the same clothes as her assailant—a white t-shirt with another sleeveless, white t-shirt on top and dark pants. During cross-examination, however, Rojo stated, "I don't remember the clothes." Neither party asked Rojo to identify Appellant as her assailant in open court.

Fernandez identified the suspect sitting in the patrol car as Rojo's assailant after looking at him for what Fernandez said was ten minutes. Fernandez

testified that Appellant had "the same features" as the perpetrator, explaining that he "got to see a good image of [the perpetrator] but not too well." Fernandez testified that, at the time of the offense, the perpetrator wore a white shirt with a design on the front and dark blue jeans. Fernandez said the suspect in the squad car wore the same jeans as the assailant but was wearing a different shirt.

Rodriguez testified that he "immediately" recognized the suspect in the patrol car as the assailant. He said that the assailant was wearing a blue shirt, a hat, and pants rolled up at the bottom at the time of the offense. He further stated that the suspect in the patrol car was wearing the same pants but that the suspect wore a tank top instead of a t-shirt and no hat. However, Rodriguez testified that he was "99 percent positive" that he identified the correct person and that the police had not improperly suggested that he identify Appellant as the perpetrator.

The trial court found that Appellant violated the conditions of his community supervision by committing a new offense, entered findings of guilt on the two deferred cases, and sentenced Appellant to concurrent sentences of twenty years' confinement for the deferred assault case[1] and 180 days' confinement for the deferred possession case.

---

[1]Appellant's punishment for the underlying assault charge was enhanced due to his status as a repeat offender.

4

### III. Discussion

### A. Applicable Law

Under Article 42.12, section 5 of the code of criminal procedure, a trial court may place a defendant on deferred adjudication after receiving a plea of guilty or nolo contendere—i.e., after receiving a plea of guilty or nolo contendere, the trial court may defer further proceedings without making a finding of guilt and impose community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 5 (West Supp. 2010); *see Donovan v. State*, 68 S.W.3d 633, 636 (Tex. Crim. App. 2002). The trial court retains jurisdiction over the defendant for the duration of the community supervision imposed and may revoke, terminate, or modify the terms. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5. Generally, the trial court possesses broad discretion in supervising a defendant placed on community supervision. *See Speth v. State*, 6 S.W.3d 530, 533–34 (Tex. Crim. App. 1999) (discussing trial court's discretion in context of deferred adjudication); *Brooks v. State*, 153 S.W.3d 124, 126 (Tex. App.—Beaumont 2004, no pet.) (discussing trial court's discretion in context of shock probation). The court of criminal appeals has noted that "'the true objective' of deferred adjudication 'is to divert the accused from the gauntlet run of the criminal justice system' and to allow the judge to 'enter into a clearly understood pact with the accused that will induce and persuade him to follow the diversionary road.'" *Taylor v. State*, 131 S.W.3d 497, 499–500 (Tex. Crim. App. 2004) (quoting *McIntyre v. State*, 587 S.W.2d

413, 417 (Tex. Crim. App. [Panel Op.] 1979)). When the trial court defers adjudication, "[t]he case is 'temporarily stilled and the accused . . . [is] permitted an opportunity to demonstrate his capacity for prescribed good behavior during a specified period.'" *Id.* (quoting *McIntyre*, 587 S.W.2d at 417). "If the defendant succeeds, the case, for most purposes, 'disappears.'" *Id.* (quoting *McIntyre*, 587 S.W.2d at 417). "If he fails, the case continues on as if it had never been interrupted." *Id.*

## B. Standard of Review

A revocation hearing is neither criminal nor civil in nature; rather, it is an administrative proceeding. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Chambers v. State*, 700 S.W.2d 597, 598–99 (Tex. Crim. App. 1985) (observing that "[r]evocation proceedings for deferred adjudication probation and 'regular' probation are essentially administrative proceedings and do not involve the same panoply of rights and considerations applicable to a formal criminal trial"), *overruled on other grounds by Reynolds v. State*, 4 S.W.3d 13 (Tex. Crim. App. 1999); *Canseco v. State*, 199 S.W.3d 437, 438 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd); *Becker v. State*, 33 S.W.3d 64, 66 (Tex. App.—El Paso 2000, no pet.). Thus, the standard of proof needed to show the truth of an

allegation is less than that in a criminal trial.[2] *Akbar v. State*, 190 S.W.3d 119, 122 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

The State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State satisfies this burden when the greater weight of the credible evidence before the court creates a reasonable belief that it is more probable than not that the defendant has violated a condition of his probation as alleged in the State's motion. *Id.* at 763–64; *Cobb*, 851 S.W.2d at 873.

Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *Rickels*, 202 S.W.3d at 763; *Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd); *Becker*, 33 S.W.3d at 66 ("Given the broad discretion vested in the trial court and the nature of the proceeding, the courts have traditionally held that the only issue presented in an appeal from an order revoking probation is whether the trial court abused its discretion."). A trial court abuses its discretion if the decision is so clearly wrong as to lie outside the zone within which reasonable persons might disagree. *Mauney v. State*, 107 S.W.3d 693, 695 (Tex. App.—

[2]The determination to adjudicate guilt is reviewable in the same manner as a revocation hearing conducted for violations of community supervision under article 42.12, section 21 in which an adjudication of guilt had not been deferred. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b); *see Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.—Eastland 2008, pet. ref'd).

Austin 2003, no pet.) (citing *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992)). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Allbright v. State*, 13 S.W.3d 817, 819 (Tex. App.— Fort Worth 2000, pet. ref'd); *see Browder v. State*, 109 S.W.3d 484, 485, 490 (Tex. Crim. App. 2003) (holding that challenge to revocation of probation based on lack of due diligence by State reviewed in light most favorable to trial court's findings) (citing *Guzman v. State*, 955 S.W.2d 85, 87–90 (Tex. Crim. App. 1997)). If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the community supervision. *Cardona*, 665 S.W.2d at 493–94.

While acknowledging the above legal constructs, Appellant raises a modified legal sufficiency challenge. Citing *Jackson v. Virginia*, Appellant asserts that, when viewed in the light most favorable to the trial court's finding, there is insufficient evidence from which the trial court could rationally conclude the essential elements of identity by a preponderance of the evidence. 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). Appellant also seeks to challenge the factual sufficiency of the evidence supporting the trial court's determination that he violated the terms of his community supervision. Citing *Clewis v. State*, Appellant asserts that, after viewing the evidence in a neutral light, there is insufficient evidence from which the trial court could rationally conclude the

8

essential elements of identity by a preponderance of the evidence. 922 S.W.2d 126, 131–32 (Tex. Crim. App. 1996). Appellant recognizes, however, that several courts of appeals in this State, including this court, have declined to review a revocation order for factual sufficiency.[3] *See, e.g.*, *Antwine*, 268 S.W.3d at 636–37; *Becker*, 33 S.W.3d at 66; *Allbright*, 13 S.W.3d at 818; *Joseph v. State*, 3 S.W.3d 627, 642 (Tex. App.—Houston [14th Dist.] 1999, no pet.); *see also Garcia v. State*, No. 02-08-00103-CR, 2009 WL 885945, at *1 (Tex. App.— Fort Worth Apr. 2, 2009, pet. ref'd) (mem. op., not designated for publication).

Indeed, several courts of appeals in this State, including this court, have held that, given the unique nature of a revocation proceeding, the *Jackson* and *Clewis* standards for legal and factual sufficiency challenges on appeal do not apply to a trial court's decision to revoke community supervision.[4] *See Cherry*,

---

[3]To the extent relevant, we note that the *Clewis* factual sufficiency standard was overruled by *Brooks v. State*. 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (holding that the *Jackson v. Virginia* standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt"); *see Guzman v. State*, No. 02-10-00148-CR, 2010 WL 4138557, at *2 (Tex. App.—Fort Worth Oct. 21, 2010, pet. filed and withdrawn) (mem. op., not designated for publication) (overruling Guzman's factual sufficiency challenge to the trial court's revocation order because this standard has historically been held inapplicable to revocation procedures and because the court of criminal appeals eliminated the factual sufficiency standard of review in *Brooks*).0

[4]We note that often, in reviewing the sufficiency of the evidence to support a revocation order, this and other Texas courts of appeals refer to a legal sufficiency standard while actually applying the appropriate preponderance of the evidence and abuse of discretion standards.

9

215 S.W.3d at 919 (addressing Cherry's legal and factual sufficiency challenge to the trial court's revocation order under the appropriate preponderance of the evidence and abuse of discretion standards); *Wham v. State*, No. 02-09-00265-CR, 2010 WL 3433055, at *1 (Tex. App.—Fort Worth Aug. 31, 2010, no pet.) (mem. op., not designated for publication) (holding that appellant's attacks on the legal and factual sufficiency of the evidence to support the revocation order were not appropriate for review).[5] We follow these cases' holdings that legal and factual sufficiency challenges under *Jackson* and *Clewis* are not appropriate for the review of a revocation proceeding, and we decline Appellant's request to revisit whether a trial court's revocation order is reviewable for factual sufficiency of the evidence. Instead, we determine whether the trial court abused its discretion in finding, by a preponderance of the evidence, that Appellant violated a term or condition of his community supervision.

## C. Discussion

Appellant contends that the evidence is insufficient to establish that he was the perpetrator of the new offense because Rojo did not identify him in open

---

[5]*See also Jordan v. State*, No. 01-06-00133-CR, 2007 WL 1412551, at *1 (Tex. App.—Houston [1st Dist.] May 10, 2007, no pet.) (mem. op., not designated for publication) ("[W]e do not review the evidence supporting revocation of probation for legal and factual sufficiency."); *Cruz v. State*, No. 06-04-00065-CR, 2005 WL 147109, at *1 (Tex. App.—Texarkana Jan. 25, 2005, no pet.) (mem. op., not designated for publication) (citing *Pierce v. State,* 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd)); *Martinez v. State*, No. 07-02-00225-CR, 2002 WL 31627852, at *2 (Tex. App.—Amarillo Nov. 22, 2002, no pet.) (mem. op., not designated for publication).

court as her assailant and because Fernandez and Rodriguez's identifications were tainted and not credible. As demonstrated below, however, the evidence was sufficient to show, by a preponderance of the evidence, that Appellant violated a condition of his community supervision by committing a new offense.

Fernandez memorized the license plate of Appellant's car, and the police located the car soon thereafter and took Appellant into custody. Rojo informed the police that Appellant was wearing the same clothes as her assailant, and although Fernandez and Rodriguez testified that Appellant was wearing a different shirt when they identified him for the police, both positively identified Appellant to the police and in court while testifying. Although there are inconsistencies in the testimony by Rojo, Fernandez, and Rodriguez, the inconsistencies raise credibility issues for the trial court as factfinder, and the trial court was free to accept or reject any or all of the witnesses' testimony. *See Allbright*, 13 S.W.3d at 819. Moreover, to the extent that Appellant contends that the field identifications by Rojo, Fernandez, and Rodriguez were tainted, Appellant did not preserve his complaint because he did not object at the revocation hearing to the testimony about the field identifications. *See* Tex. R. App. P. 33.1(a); *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009) (requiring timely objection to preserve a complaint for appellate review).

Viewing the evidence in the light most favorable to the trial court's ruling, we hold that the State met its burden of proving by a preponderance of the

evidence that Appellant violated the terms and conditions of his community supervision by committing a new offense. *See Cobb*, 851 S.W.2d at 873. We cannot say that the trial court abused its discretion by revoking Appellant's community supervision, and we therefore overrule Appellant's sole point.

## IV. Conclusion

Having overruled Appellant's sole point, we affirm both of the trial court's judgments.

ANNE GARDNER
JUSTICE

PANEL: GARDNER, WALKER, and GABRIEL, JJ.

PUBLISH

DELIVERED: June 16, 2011