Opinion filed August 2,
2012

 

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00158-CR 

                                                    __________

 

                                  JESUS
SALDANA, JR., Appellant

                                                             V.

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 70th District Court

                                                             Ector
County, Texas

                                                   Trial
Court Cause No. A-37,318 

 



 

                                            M
E M O R A N D U M   O P I N I O N

            Jesus
Saldana, Jr.[1]
appeals from a judgment adjudicating him guilty of the offense of failure to
comply with sex offender registration requirements.[2] 
Appellant originally pleaded guilty to the offense.  Pursuant to the plea
bargain agreement, the trial court deferred adjudication of guilt and placed
appellant on community supervision for two years.  In April 2011, the State
filed a motion for warrant and to adjudicate guilt.  In its motion, the State
alleged that appellant violated the terms of his community supervision as
follows:

       1.  On or
about March 29, 2011, [appellant] did go within 1000 feet of a premise where
children commonly gather, including schools, to wit: Odessa High School.  This
is a violation of Rule (23) of the Additional Rules of Community Supervision.

 

       2.  On or
about March 29, 2011, [appellant] did have indirect contact with the victim and
went near the school of the victim.  This is a violation of Rule (25) of the
Additional Rules of Community Supervision.

  

       3. On or
about March 29, 2011, [appellant] did have direct contact with a minor child
under the age of 17 and not supervised by an adult who is over the age of 21
years and said adult is approved by the [appellant’s] probation officer.  This
is a violation of Rule (27) of the Additional Rules of Community Supervision.

 

The trial court
held a hearing on the State’s motion.  At the hearing, appellant pleaded “[n]ot
true” to all the State’s allegations.  After the evidence was concluded, the State
abandoned Allegation 3.  The trial court found Allegations 1 and 2 to be true.  Therefore,
the trial court found that appellant had violated the terms and conditions of his
community supervision, adjudicated appellant guilty of the offense of failure
to comply with sex offender registration requirements, and imposed a sentence
of confinement for ten years.  We affirm.

Issues
Presented

            Appellant
presents two issues.  In his issues, appellant contends that the evidence was
legally and factually insufficient to support the trial court’s findings that
he violated the terms and conditions of his community supervision and that,
therefore, the trial court abused its discretion by revoking his community
supervision and adjudicating his guilt.

Standard
of Review

            A
trial court’s decision to proceed to an adjudication of guilt and to revoke
deferred adjudication community supervision is reviewable in the same manner as
a revocation of ordinary community supervision.  Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp.
2011); Antwine v. State, 268 S.W.3d 634, 636 (Tex. App.—Eastland 2008,
pet. ref’d).  Given the unique nature of revocation proceedings and the trial
court’s broad discretion in the proceedings, the general standards for
reviewing evidentiary sufficiency do not apply to a trial court’s decision to
revoke community supervision.  Miles v. State, 343 S.W.3d 908, 913 (Tex.
App.—Fort Worth 2011, no pet.); Antwine, 268 S.W.3d at 636–37; Pierce
v. State, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref’d). 
Instead, we review a trial court’s decision to revoke community supervision for
an abuse of discretion.  Rickels v. State, 202 S.W.3d 759, 763 (Tex.
Crim. App. 2006); Hart v. State, 264 S.W.3d 364, 366 (Tex. App.—Eastland
2008, pet. ref’d).  In determining questions regarding the sufficiency of the
evidence in cases involving the revocation of community supervision, the
State’s burden of proof is by a preponderance of the evidence, which means
“that greater weight of the credible evidence which would create a reasonable
belief that the defendant has violated a condition” of his community
supervision.  Rickels, 202 S.W.3d at 763–64.                             

            Proof
by a preponderance of the evidence of any one of the alleged violations of the
conditions of community supervision is sufficient to support a revocation
order.  Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); Antwine,
268 S.W.3d at 636; Hart, 264 S.W.3d at 367.  Thus, if the greater weight
of the credible evidence creates a reasonable belief that a defendant violated
a condition of his community supervision, a trial court does not abuse its
discretion by revoking community supervision, and the trial court’s decision
must be upheld.  Rickels, 202 S.W.3d at 763–64; Pierce, 113
S.W.3d at 436.  On the other hand, if the State fails to meet its burden of
proof, a trial court abuses its discretion by revoking community supervision.  Cardona
v. State, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984); Cantu v. State,
339 S.W.3d 688, 691 (Tex. App.—Fort Worth 2011, no pet.); Antwine, 268
S.W.3d at 636.  The trial court is the sole judge of the credibility of the
witnesses and the weight to be given their testimony, and we review the
evidence in the light most favorable to the trial court’s ruling.  Cardona,
665 S.W.2d at 493; Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App.
1981); Hart, 264 S.W.3d at 366.

Evidence
at the Adjudication Hearing

M.C.
was appellant’s victim in the sexual-assault-of-a-child offense in Cause No.
11-11-00157-CR.  At the time of the adjudication hearing, M.C. was seventeen years
old and a junior at Odessa High School.  M.C. testified that, on March 29,
2009, at about 11:00 a.m., she and her friend, O.S., saw appellant in the bus
mall of the Odessa High School campus.  She said that the bus mall was the area
where students were dropped off from buses and that the bus mall was located
between the main building and the music building on the campus.  M.C. said that
she saw appellant walk toward a girl and then hug the girl.  M.C. said that
appellant looked in her direction but that she did not know whether appellant
saw her.

M.C.
testified that she was scared when she saw appellant.  After seeing appellant,
M.C. and O.S. went to the main office to report that they had seen him on
campus.  M.C. told Assistant Principal Berzoza and Ector County Independent
School District Police Officer Paul Carr what had happened.  Officer Carr
testified that M.C. and O.S. told him that they had seen a man on campus who
was not supposed to be there.  Officer Carr said that M.C. was crying and upset
and that she said the man’s name was “Jesus.”  M.C. testified that she knew
where appellant lived and that the sexual assault offense involved in Cause No.
11-11-00157-CR had occurred in his house.  M.C. told Officer Carr that
appellant lived a couple of blocks away from Odessa High School.  M.C. and
Berzoza got into Officer Carr’s vehicle, and Officer Carr drove to the area
where appellant lived.  M.C. showed Officer Carr appellant’s house.  As Officer
Carr drove by the house, he and Berzoza saw a wheelchair by the door to the
house.  Berzoza and Officer Carr believed that the wheelchair belonged to an
Odessa High School female student.  Officer Carr parked his vehicle, and then
he and Berzoza exited the vehicle and approached appellant’s house to do a welfare
check on the student.  M.C. remained in the vehicle.

Officer
Carr testified that, as he and Berzoza approached the house, they were met by a
man in the doorway.  Officer Carr said that the man was wearing clothes that
matched the description of the clothes that M.C. and O.S. reported that
appellant was wearing when they saw him at the bus mall.  Officer Carr said
that he saw two Odessa High School female students sitting in the living room.  The
man identified himself to Officer Carr as appellant.  Appellant told Officer
Carr that he had carried one of the students from her wheelchair to his couch. 
The female students told Officer Carr that they were okay and that they had
come to appellant’s house to eat lunch.

M.C.
testified that Officer Carr had appellant stand on his porch and that she identified
appellant to Officer Carr as being the man whom she had seen on the Odessa High
School campus.  Because Officer Carr believed that the students in appellant’s
house were safe, he drove Berzoza and M.C. back to campus.  Later that
afternoon, Officer Carr returned to appellant’s house and wrote appellant a
criminal trespass warning.  Officer Carr testified that appellant admitted to
him that he had been on the Odessa High School campus earlier that day.  Officer
Carr testified that appellant told him the reason he had been on the campus was
that a couple of his “home girls” were having trouble.

Appellant
testified that he was not on the Odessa High School campus on March 29, 2009.  He
admitted that he referred to the female students who were in his living room as
his “home girls” when he talked with Officer Carr.  Appellant said that he told
Officer Carr one of the girls “was having problems with a dude.”  Appellant
said that neither of the girls was under the age of seventeen.  Appellant said
that he never told Officer Carr that he had been on the Odessa High School
campus.




 

Analysis

M.C.
testified that she saw appellant on the Odessa High School campus.  Officer
Carr testified that appellant told him that he had been on the campus. 
Appellant denied making this statement to Officer Carr.  Appellant testified that
he had not been on the Odessa High School campus.  As the sole judge of the
credibility of the witnesses and the weight to be given their testimony, the
trial court was free to accept M.C.’s and Officer Carr’s testimony and to reject
appellant’s testimony.  Miles, 343 S.W.3d at 913–14.  The trial court’s
ruling demonstrates that it believed M.C.’s and Officer Carr’s testimony. 
Viewing the evidence in the light most favorable to the trial court’s ruling,
we conclude that the trial court could have reasonably found that appellant
violated the terms and conditions of his community supervision by going within
1,000 feet of Odessa High School and by having indirect contact with M.C. and
going to her school.  Either of these violations, standing alone, is sufficient
to support the trial court’s revocation order.  Moore, 605 S.W.2d at
926; Antwine, 268 S.W.3d at 636. 

Because
the record contains evidence supporting the trial court’s determination that
appellant violated the terms and conditions of his community supervision, we
conclude that the trial court did not abuse its discretion by proceeding with
an adjudication of guilt.  Appellant’s issues are overruled.

This
Court’s Ruling

            The judgment of the
trial court is affirmed.

 

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

August 2, 2012

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.

 









                [1]We note that this is the name shown in the charging
instrument but that the judgment shows appellant’s name to be Jesus Lorenzo
Saldana, Jr.

 





                [2]In Cause No. 11-11-00157-CR, appellant appeals from the
trial court’s judgment adjudicating him guilty of the offense of sexual assault
of a child.  Today, in a separate opinion, we affirm the trial court’s judgment
in Cause No. 11-11-00157-CR.