COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DAVID DEWAYNE QUILLAR, | § | |
| | | No. 08-11-00313-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 396th District Court |
| THE STATE OF TEXAS, | § | |
| | | of Tarrant County, Texas |
| Appellee. | § | |
| | | (TC# 1175062D) |
| | § | |

**O P I N I O N**

Appellant, David Dewayne Quillar, complains on appeal that insufficient evidence was presented to support the State's allegations that he committed new offenses as set forth in the State's petition to revoke Appellant's deferred-adjudication probation.[1]  We affirm.

**BACKGROUND**

On July 28, 2010, Appellant pleaded guilty to the offense of possession with intent to deliver a controlled substance of four grams or more but less than 400 grams of N-Benzylpiperazine.  TEX. HEALTH & SAFETY CODE ANN. §§ 481.103, 481.113(d) (West 2010).  The trial court ordered Appellant's adjudication deferred, made an affirmative deadly-weapon finding as to a firearm, and placed Appellant on community supervision for eight years.  As a term and condition of his community supervision, Appellant was to commit no

---

[1] As this case was transferred from our sister court in Fort Worth, we decide it in accordance with the precedent of that court.  TEX. R. APP. P. 41.3.

offense against the laws of this State or any other State or of the United States.

On December 20, 2010, the State filed a petition seeking Appellant's adjudication in which it alleged that Appellant had on November 3, 2010, November 4, 2010, and December 2, 2010, violated the terms and conditions of his deferred-adjudication community supervision by intentionally and knowingly delivering less than five pounds but more than one-quarter ounce of marijuana to Detective K. Branch on each of the recited dates. TEX. HEALTH & SAFETY CODE ANN. § 481.120(b)(3) (West 2010). At a revocation hearing held on June 30, 2011, Appellant pleaded not true to each of the alleged violations.

At the hearing, Detective Branch testified that while working undercover as a member of the narcotics unit of the Arlington Police Department, he arranged to purchase an ounce of marijuana through a small-time street dealer of narcotics known as "Yellow D." After traveling to an apartment complex, Yellow D went to his supplier's apartment, returned to the vehicle where Detective Branch was waiting, and provided him with a quantity of marijuana for an agreed price of $80. Detective Branch informed Yellow D that he had been provided less than an ounce of marijuana and asked to meet Yellow D's source. Yellow D introduced Detective Branch to Appellant who then weighed the marijuana on a digital scale and provided Detective Branch with an additional quantity of marijuana. Appellant and Detective Branch exchanged phone numbers to facilitate direct dealings with each other.

Detective Branch called Appellant on November 4, 2010, and requested to purchase another ounce of marijuana. While wearing surveillance equipment on his person, Detective Branch met Appellant in the parking lot. Appellant used a key to enter the same apartment and then retrieved and handed a quantity of marijuana to Detective Branch in exchange for payment of

2

$75.

On December 2, 2010, Detective Branch again telephoned Appellant and requested to purchase an ounce of marijuana. Detective Branch went directly to Appellant's apartment, knocked on the door, and paid Appellant $80 for the marijuana Appellant provided to him.

The surveillance recording, the purchased marijuana, and the laboratory reports identifying that the marijuana purchased on November 3, 2010, November 4, 2010, and December 2, 2010, measured .90, .94, and .93 ounces respectively were introduced into evidence without objection.[2] The surveillance recording was published during the hearing. After the execution of a search warrant, mail addressed to Appellant was found in the apartment.

At the hearing, Appellant denied that he lived at the apartment where Detective Branch purchased the marijuana, denied that he delivered marijuana to Detective Branch, asserted that while in Appellant's presence, Detective Branch had made the marijuana purchases with Yellow D, and stated that he did not know Yellow D's true identity. Appellant admitted that his voice was on the surveillance recording and agreed that he and Yellow D could not be mistaken for each other.

After hearing testimony from both Detective K. Branch of the Arlington Police Department and Appellant, the trial court found that Appellant violated the terms and conditions of his deferred-adjudication probation as set forth in the State's petition, and on August 29, 2011, the trial court adjudicated Appellant guilty and sentenced him to seven years' confinement.

## DISCUSSION

In a single issue, Appellant challenges the sufficiency of the evidence to support the trial court's finding that Appellant violated the terms and conditions of his deferred-adjudication

---

[2] Appellant's counsel also stipulated that State's Exhibits 2, 3, and 4 contained marijuana.

probation, which resulted in the trial court's adjudication of Appellant's guilt for the underlying charge.

We review an order revoking probation under an abuse-of-discretion standard. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006). We review a determination to adjudicate guilt in the same manner. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (West 2006).

In a probation-revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of his community supervision. *See Rickels*, 202 S.W.3d at 763-64; *see also Miles v. State*, 343 S.W.3d 908, 912 (Tex.App.–Fort Worth 2011, no pet.). The State meets its burden when the greater weight of the credible evidence before the court creates a reasonable belief that the defendant has violated a term or condition of his probation. *Rickels*, 202 S.W.3d at 763-64; *Miles*, 343 S.W.3d at 912. During the revocation proceeding, "the trial court is the sole trier of facts, credibility of witnesses and weight to be given to testimony." *Taylor v. State*, 604 S.W.2d 175, 179 (Tex.Crim.App. 1980). The showing of one violation of the terms and conditions of a defendant's probation will support a trial court's order revoking the defendant's probation. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex.Crim.App. 1980).

On appeal, Appellant complains that the evidence was insufficient to support the trial court's probation-violation finding because "there was never any surveillance conducted by anyone," no marked currency was used, his fingerprints were not found on any seized item, there was no indication that he lived in the apartment where he was arrested, no one ascertained Yellow D's true identity and he was not called to testify, no corroborating evidence was presented, and no

4

direct physical or other evidence connected Appellant to the apartment. Appellant also complains that the State proceeded to seek adjudication based upon the testimony of one officer.

The trial court was the sole judge of the credibility of both Detective Branch and Appellant as witnesses and the weight to be given their testimony, and had before it the surveillance recording on which Appellant recognized his own voice, three containers of the substances that Detective Branch purchased, and the laboratory reports which both confirmed that the substances tested were marijuana and which showed that the tested marijuana was of a sufficient weight to constitute a criminal offense upon proof of its delivery. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.120(b)(3)(West 2010).

Because the greater weight of the credible evidence before the trial court was sufficient to create a reasonable belief that Appellant violated a term or condition of his probation, we find the trial court did not abuse its discretion in finding by a preponderance of the evidence that Appellant violated a term or condition of his deferred-adjudication probation and in adjudicating Appellant's guilt for the underlying offense. *See Rickels*, 202 S.W.3d at 763-64; *Taylor*, 604 S.W.2d at 179; *Sanchez*, 603 S.W.2d at 871; *Miles*, 343 S.W.3d at 912. Appellant's issue on appeal is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

GUADALUPE RIVERA, Justice

December 21, 2012

Before McClure, C.J., Rivera, J., and Antcliff, J.

(Do Not Publish)

5