COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS


 
 
  
 DAVID DEWAYNE QUILLAR,
  
                            
 Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                            
 Appellee.
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                   No. 08-11-00313-CR
  
 Appeal from the
  
 396th
 District Court 
  
 of Tarrant
 County, Texas
  
 (TC# 1175062D)
  
 
 


O
P I N I O N

 

            Appellant,
David Dewayne Quillar, complains on appeal that insufficient evidence was
presented to support the State’s allegations that he committed new offenses as
set forth in the State’s petition to revoke Appellant’s deferred-adjudication
probation.[1]  We affirm.

BACKGROUND

On July 28, 2010, Appellant pleaded guilty
to the offense of possession with intent to deliver a controlled substance of
four grams or more but less than 400 grams of N-Benzylpiperazine.  Tex.
Health & Safety Code Ann. §§ 481.103, 481.113(d) (West 2010).  The trial court ordered Appellant’s
adjudication deferred, made an affirmative deadly-weapon finding as to a
firearm, and placed Appellant on community supervision for eight years.  As a term and condition of his community
supervision, Appellant was to commit no offense against the laws of this State
or any other State or of the United States.

On December 20, 2010, the State filed a
petition seeking Appellant’s adjudication in which it alleged that Appellant
had on November 3, 2010, November 4, 2010, and December 2, 2010, violated the
terms and conditions of his deferred-adjudication community supervision by intentionally
and knowingly delivering less than five pounds but more than one-quarter ounce
of marijuana to Detective K. Branch on each of the recited dates.  Tex.
Health & Safety Code Ann. § 481.120(b)(3) (West 2010).  At a revocation hearing held on June 30,
2011, Appellant pleaded not true to each of the alleged violations.

At the hearing, Detective Branch testified
that while working undercover as a member of the narcotics unit of the
Arlington Police Department, he arranged to purchase an ounce of marijuana
through a small-time street dealer of narcotics known as “Yellow D.”  After traveling to an apartment complex,
Yellow D went to his supplier’s apartment, returned to the vehicle where
Detective Branch was waiting, and provided him with a quantity of marijuana for
an agreed price of $80.  Detective Branch
informed Yellow D that he had been provided less than an ounce of marijuana and
asked to meet Yellow D’s source.  Yellow
D introduced Detective Branch to Appellant who then weighed the marijuana on a
digital scale and provided Detective Branch with an additional quantity of
marijuana.  Appellant and Detective
Branch exchanged phone numbers to facilitate direct dealings with each other.

Detective Branch called Appellant on
November 4, 2010, and requested to purchase another ounce of marijuana.  While wearing surveillance equipment on his
person, Detective Branch met Appellant in the parking lot.  Appellant used a key to enter the same
apartment and then retrieved and handed a quantity of marijuana to Detective
Branch in exchange for payment of $75.

On December 2, 2010, Detective Branch again telephoned
Appellant and requested to purchase an ounce of marijuana.  Detective Branch went directly to Appellant’s
apartment, knocked on the door, and paid Appellant $80 for the marijuana
Appellant provided to him.

The surveillance recording, the purchased
marijuana, and the laboratory reports identifying that the marijuana purchased
on November 3, 2010, November 4, 2010, and December 2, 2010, measured .90, .94,
and .93 ounces respectively were introduced into evidence without objection.[2]  The surveillance recording was published
during the hearing.  After the execution
of a search warrant, mail addressed to Appellant was found in the apartment.

At the hearing, Appellant denied that he
lived at the apartment where Detective Branch purchased the marijuana, denied
that he delivered marijuana to Detective Branch, asserted that while in
Appellant’s presence, Detective Branch had made the marijuana purchases with
Yellow D, and stated that he did not know Yellow D’s true identity.  Appellant admitted that his voice was on the
surveillance recording and agreed that he and Yellow D could not be mistaken
for each other.

After hearing testimony from both Detective
K. Branch of the Arlington Police Department and Appellant, the trial court found
that Appellant violated the terms and conditions of his deferred-adjudication
probation as set forth in the State’s petition, and on August 29, 2011, the
trial court adjudicated Appellant guilty and sentenced him to seven years’
confinement.

DISCUSSION

In a single issue, Appellant challenges the
sufficiency of the evidence to support the trial court’s finding that Appellant
violated the terms and conditions of his deferred-adjudication probation, which
resulted in the trial court’s adjudication of Appellant’s guilt for the underlying
charge.

We review an order revoking probation under
an abuse-of-discretion standard.  See Rickels v. State, 202 S.W.3d 759,
763 (Tex.Crim.App. 2006).  We review a
determination to adjudicate guilt in the same manner.  See
Tex. Code Crim. Proc. Ann. art.
42.12 § 5(b) (West 2006).

In a probation-revocation proceeding, the
State must prove by a preponderance of the evidence that the defendant violated
the terms and conditions of his community supervision.  See Rickels,
202 S.W.3d at 763-64; see also Miles v. State, 343 S.W.3d 908,
912 (Tex.App.–Fort Worth 2011, no pet.). 
The State meets its burden when the greater weight of the credible
evidence before the court creates a reasonable belief that the defendant has
violated a term or condition of his probation. 
Rickels, 202 S.W.3d at 763-64; Miles, 343 S.W.3d at 912.  During
the revocation proceeding, “the trial court is the sole trier of facts,
credibility of witnesses and weight to be given to testimony.”  Taylor
v. State, 604 S.W.2d 175, 179 (Tex.Crim.App. 1980).  The showing of one violation of the terms and
conditions of a defendant’s probation will support a trial court’s order
revoking the defendant’s probation.  Sanchez v. State, 603 S.W.2d 869, 871
(Tex.Crim.App. 1980).

On appeal, Appellant complains that the
evidence was insufficient to support the trial court’s probation-violation
finding because “there was never any surveillance conducted by anyone,” no
marked currency was used, his fingerprints were not found on any seized item, there
was no indication that he lived in the apartment where he was arrested, no one
ascertained Yellow D’s true identity and he was not called to testify, no
corroborating evidence was presented, and no direct physical or other evidence
connected Appellant to the apartment.  Appellant
also complains that the State proceeded to seek adjudication based upon the
testimony of one officer.

The trial court was the sole judge of the
credibility of both Detective Branch and Appellant as witnesses and the weight
to be given their testimony, and had before it the surveillance recording on
which Appellant recognized his own voice, three containers of the substances
that Detective Branch purchased, and the laboratory reports which both
confirmed that the substances tested were marijuana and which showed that the tested
marijuana was of a sufficient weight to constitute a criminal offense upon
proof of its delivery.  See Tex.
Health & Safety Code Ann. § 481.120(b)(3)(West 2010).

Because the greater weight of the credible evidence
before the trial court was sufficient to create a reasonable belief that
Appellant violated a term or condition of his probation, we find the trial
court did not abuse its discretion in finding by a preponderance of the
evidence that Appellant violated a term or condition of his
deferred-adjudication probation and in adjudicating Appellant’s guilt for the
underlying offense.  See Rickels, 202 S.W.3d at
763-64; Taylor, 604 S.W.2d at 179; Sanchez, 603 S.W.2d at 871; Miles, 343 S.W.3d at 912.  Appellant’s issue on appeal is overruled.

CONCLUSION

The trial court’s judgment is affirmed.

                                                                        GUADALUPE
RIVERA, Justice

December 21, 2012

 

Before McClure, C.J., Rivera, J., and Antcliff, J.

 

(Do Not Publish)











[1]
As this case was transferred from our sister
court in Fort Worth, we decide it in accordance with the precedent of that
court.  Tex. R. App. P.
41.3.





[2]
Appellant’s counsel also stipulated that State’s Exhibits 2, 3, and 4 contained
marijuana.