**AFFIRM; and Opinion Filed July 3, 2013.**



In The

**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-11-01246-CR**

**SHAWN LYNN GAGE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F10-59705-R**

## MEMORANDUM OPINION

Before Justices Bridges, FitzGerald, and Myers
Opinion by Justice Myers

Appellant Shawn Lynn Gage pleaded guilty to burglary of a habitation, pursuant to a plea agreement. The trial court accepted appellant's plea, deferred adjudicating guilt, placed appellant on community supervision for a period of two years, and assessed a $2500 fine. Based on the State's subsequent motion to proceed to adjudication and appellant's plea of true, the trial court granted the State's motion, found appellant guilty, and sentenced him to five years' imprisonment. In his issue, appellant contends the trial court abused its discretion by finding the allegation in the motion to proceed to adjudication true "where the allegation was not a violation of [a]ppellant's community supervision." We affirm the trial court's judgment.

### DISCUSSION

Appellant's complaint is based on an error in the motion to proceed to adjudication. Condition "O" of appellant's community supervision ordered him to have no contact with

"Casey Hurst," but the motion to proceed to adjudication alleged appellant violated condition "O" by contacting "Cathy Hurst." The State does not dispute this discrepancy but argues appellant failed to preserve the issue for our review by not objecting to the error. We agree.

During the hearing on the motion to proceed to adjudication, shortly before the trial court accepted appellant's plea of true and granted the State's motion, the prosecutor read the allegation in the motion. The relevant portion of the record reads as follows:

> [Prosecutor]: Motion to revoke probation or proceed to adjudication of guilt. Comes now the State of Texas by and through her criminal district attorney and would show the Court the following, that Shawn Lynn Gage, defendant, was duly and legally placed on community supervision for a period of two years in the above entitled and numbered cause in the 265th Judicial District Court of Dallas County, Texas on the 15th day of February, A.D., 2011 for the offense of burglary of a habitation.
>
> [Appellant]: That's enough. I thought you were going to read the stipulation that I'm violating.
>
> The Court: Oh, okay. Thanks.
>
> [Appellant]: That's all. I thought she was going to read the stipulation, I didn't know she was going to read all that stuff. Get her off her feet.
>
> The Court: What's your plea to the State's motion, is that allegation true or not?
>
> *[Appellant]: Well, I don't know who Kathy Hurst is but I know a Casey Hurst.*
>
> *The Court: Is the allegation true or not true?*
>
> *[Appellant]: True, I guess.*
>
> The Court: All right. Anything you want to put on record, counsel?
>
> [Defense Counsel]: Yes, Your Honor, I'd like to call Mr. Gage.
>
> The Court: Let's do that later.
>
> [Defense Counsel]: Oh, okay. Fair enough.
>
> The Court: Go ahead, State.
>
> [The State]: The State offers State's Exhibit No. 1, the Defendant's signed written voluntary plea of true and stipulation of evidence, and ask [sic] the Court to take judicial notice of the entire contents of the Court's file.

*[Defense Counsel]:  No objection, Your Honor.*

(emphasis added).  Later, when the trial court accepted appellant's plea of true, granted the State's motion to proceed to adjudication, found appellant guilty, and sentenced him to five years in prison, the trial court asked defense counsel, "Any reason in law why your client should not now be sentenced?"  Counsel replied, "None, Your Honor."

Appellant entered a plea of true and did not object to the error contained in the motion to proceed to adjudication.  He argues the issue is not waived because he raised it before the trial court, but the record does not support appellant's argument.  Appellant's comment, "Well, I don't know who Kathy Hurst is but I know a Casey Hurst," indicates he was aware, at the time he entered his plea, of the discrepancy between the spelling of the complainant's name in the motion to proceed to adjudication and the conditions of community supervision.  Moreover, when the trial court asked appellant whether the allegation was true, he responded, "True, I guess."

Appellant's trial counsel did not object regarding appellant's plea of true when the plea was entered, and appellant's comments do not constitute a legal objection and did not preserve error.  Thus, appellant failed to preserve his issue for our review.  *See* TEX. R. APP. P. 33.1(a); *Layton v. State*, 280 S.W.3d 235, 238-39 (Tex. Crim. App. 2009) (requiring timely objection to preserve a complaint for appellate review); *Miles v. State*, 343 S.W.3d 908, 914 (Tex. App.—Fort Worth 2011, no pet.) ("[T]o the extent that Appellant contends that the field identifications by Rojo, Fernandez, and Rodriguez were tainted, Appellant did not preserve his complaint because he did not object at the revocation hearing to the testimony about the field identifications.").  We therefore overrule appellant's issue.

We affirm the trial court's judgment.

Lana Myers
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
111246F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SHAWN LYNN GAGE, Appellant

No. 05-11-01246-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F10-59705-R.
Opinion delivered by Justice Myers.
Justices Bridges and FitzGerald participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 3rd day of July, 2013.

/Lana Myers/

LANA MYERS
JUSTICE