**Opinion issued February 25, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00612-CR

————————————

**STUART ADAM LATHAM, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Case No. 1356904**

---

**MEMORANDUM OPINION**

In 2012, Appellant, Stuart Adam Latham, pleaded guilty to assault. The trial court placed him on deferred adjudication. In 2014, the State filed a motion to adjudicate his guilt based on its claim that Appellant had violated the deferred adjudication conditions by committing a new offense. Appellant pleaded not true.

The trial court found the allegations true, and assessed punishment at five years' confinement. In two issues, Appellant argues (1) the evidence does not support the trial court's adjudication of guilt and (2) the assessment of five years' confinement was cruel and unusual.

We affirm.

## Background

Appellant pleaded guilty to assaulting his girlfriend, J. Wingerter, on December 10, 2012. The trial court placed him on deferred adjudication for two years. One of the conditions of his community supervision was to "[c]ommit no offense against the laws of this or any other State of the United States."

On December 2, 2014, the State filed a motion to adjudicate guilt, alleging that Appellant had violated the terms of his community supervision by committing a new offense on November 8, 2014. The State alleged that Appellant had assaulted Wingerter by choking her.

Wingerter testified at the hearing on the motion to adjudicate guilt. Wingerter testified that she and Appellant had broken up a few weeks before the incident. On the night of the incident, Appellant broke in through the back door of Wingerter's house. She testified that they began arguing. They ended up in the bedroom. Appellant pinned Wingerter on the bed, pulled down her pants, held her down, choked her, and forcibly had sex with her.

During cross-examination, Wingerter had trouble recalling some details of the day, like whether her cousin was staying there that night. Wingerter testified that the offense had occurred seven months earlier and that she was not certain about some details. She further testified that she was certain about being pushed onto the bed, being pinned down, being choked, having her pants pulled down, and Appellant forcibly having sex with her.

The trial court found the allegations true and adjudicated Appellant's guilt, sentencing him to five years' confinement.

## Adjudication of Guilt

In his first issue, Appellant argues the evidence does not support the trial court's adjudication of guilt.[1]

### A. Standard of Review

We review a motion to adjudicate guilt in the same manner as a motion to revoke community supervision. *See Leonard v. State*, 385 S.W.3d 570, 572 n.1

---

[1] In his brief, Appellant describes this issue as raising a "factual sufficiency" challenge. Nevertheless, Appellant's description of the standard of review for this issue matches the standard we apply. The cases upon which both Appellant and this Court rely do not describe this review as a factual sufficiency review. *See, e.g.*, *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). Moreover, this Court has held that the standard factual sufficiency review does not apply to community supervision revocation proceedings. *Johnson v. State*, 943 S.W.2d 83, 85 (Tex. App.—Houston [1st Dist.] 1997, no pet.); *see also Joseph v. State*, 3 S.W.3d 627, 642 (Tex. App.—Houston [14th Dist.] 1999, no pet.); *Miles v. State*, 343 S.W.3d 908, 913 (Tex. App.—Fort Worth 2011, no pet.). Accordingly, we review this issue under the standard of review that Appellant has properly identified.

3

(Tex. Crim. App. 2012) (holding hearings on motion to adjudicate guilt are subset of revocation hearings). We review a trial court's decision to adjudicate guilt and revoke community supervision using an abuse of discretion standard. *Id.* at 576. We view the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The trial court "is the sole judge of the credibility of the witnesses and the weight to be given to their testimony." *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013).

The State bears the burden to prove by a preponderance of the evidence that appellant violated a condition of his community supervision. *Id.* at 864–65. This burden is met if the greater weight of the credible evidence creates a reasonable belief that appellant violated a condition of his community supervision. *See Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006).

**B.  Analysis**

The State sought to adjudicate Appellant's guilt on the ground that Appellant had violated the terms of his community supervision by committing a new crime. The State alleged that, during the term of his community supervision, Appellant assaulted Wingerter. Wingerter testified at the hearing that, on November 8, 2014, Appellant came to her house, broke open the back door, pushed her onto her bed, held her down, choked her, and forcibly had sex with her.

4

Appellant argues the evidence does not support the trial court's adjudication of guilty because the State only presented one witness, the testimony was uncorroborated, and the witness lacked credibility. The fact that there was only one witness has no bearing on our review because the testimony of one witness can be sufficient to establish assault. *See Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971) (upholding conviction of assault based on testimony of single witness). Likewise, there was no requirement that Wingerter's testimony had to be corroborated. *Cf. Cathey v. State*, 992 S.W.2d 460, 462–63 (Tex. Crim. App. 1999) (holding requirement that *accomplice-witness testimony* be corroborated is statutorily imposed and not derived from federal or state constitutional principles for evidentiary reviews).

For Appellant's claim that Wingerter was not credible, Appellant recognizes in his brief that the trial court was the sole judge of witness credibility. *See Hacker*, 389 S.W.3d at 865. Appellant points out that Wingerter could not recall whether her cousin had stayed over that night, claiming this is proof of her inability to remember the events of that night. Wingerter testified that the offense had occurred seven months earlier; that she was not certain about some details, like whether her cousin was at the house that night; and that she was certain about other things, like being pushed onto the bed, being pinned down, being choked, having her pants pulled

down, and Appellant forcibly having sex with her. The trial court could have reasonably credited this testimony. *See id.*

Appellant also points out that certain texts were sent from Wingerter's phone to his phone on that day through the next three days suggesting nothing had happened between them. Wingerter testified that, after Appellant left, he took her cell phone along with his. She testified that she did not have access to the cell phone for the period of time in question and did not send the texts in question. The trial court could have reasonably credited this testimony. *See id.*

We hold the trial did not abuse its discretion by determining there was sufficient evidence to prove by a preponderance of the evidence that Appellant had violated the terms of his community supervision by committing the offense of assault during the term of his community supervision. We overrule Appellant's first issue.

## Cruel and Unusual Punishment

In his second issue, Appellant argues the assessment of five years' confinement constitutes cruel and unusual punishment. The State argues this issue has not been preserved for appeal. We agree.

Constitutional rights, including the right to be free from cruel and unusual punishment, may be waived. *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th

Dist.] 2001, pet. ref'd).  In order to preserve an issue for appeal, the complaining party must assert an objection and obtain a ruling.  TEX. R. APP. P. 33.1(a).  Appellant did not raise any objections to the term of his confinement before the trial court. Accordingly, it has not been preserved for appeal

We overrule Appellant's second issue.

## Conclusion

We affirm the judgment of the trial court.


Laura Carter Higley
Justice

Panel consists of Justices Higley, Huddle, and Lloyd.

Do not publish.  TEX. R. APP. P. 47.2(b).