**AFFIRMED as MODIFIED and Opinion Filed July 5, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00202-CR

**JAMES CURTIS MANNING, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause No. F-1657002-X**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Reichek

James Curtis Manning appeals his conviction for robbery. In his first issue, appellant contends the trial court erred in adjudicating his guilt and assessing his sentence because he was never legally placed on community supervision probation. In his second issue, appellant argues the evidence was insufficient to show he violated condition "a" of the terms of his probation. In a single cross-issue, the State contends the judgment should be modified to correctly reflect appellant's plea to the State's motion to adjudicate guilt and the trial court's findings. We agree the judgment should be modified, and, as modified, we affirm the trial court's judgment.

### Background

Pursuant to a plea bargain agreement, appellant pleaded guilty to the offense of robbery. Appellant waived his right to have his plea heard by a district judge and requested the hearing be referred to a magistrate judge. Based on appellant's plea and his judicial confession, the magistrate found the evidence sufficient to show appellant committed the charged offense beyond a reasonable doubt and recommended the trial court follow the plea agreement.

Although the trial court did not sign an order adopting the actions and findings of the magistrate, it signed an order deferring appellant's adjudication as agreed in the plea bargain. Appellant was placed on community supervision for a period of five years with multiple conditions on his probation, including that he commit no new offenses or possess a firearm.

Two years after appellant was placed on community supervision, the State filed a motion to adjudicate appellant's guilt alleging that he had violated seven conditions of his probation. Instead of adjudicating appellant's guilt, the trial court modified the terms of appellant's community supervision and ordered him to serve a period of confinement in an intermediate sanctions facility. Upon his release from the facility, appellant was ordered to report to the judge on the first Friday of every month.

On July 16, 2019, the State filed a second motion to revoke appellant's probation and proceed with an adjudication of his guilt. At the adjudication hearing, the State abandoned several of its allegations concerning appellant's probation

violations, leaving five alleged violations. Appellant pleaded not true to all the allegations. After hearing testimony from the State's witnesses and appellant, the trial court found by a preponderance of the evidence that appellant had violated four conditions of his probation. The court then adjudicated appellant guilty and sentenced him to twelve years in prison. Appellant brought this appeal.

## Analysis

### I. Failure to Adopt Magistrate's Findings

In his first issue, appellant contends the trial court erred in revoking his probation and adjudicating his guilt because he was never legally placed on community supervision probation. Specifically, appellant asserts the trial court's failure to expressly adopt the magistrate judge's actions rendered the original deferred adjudication order illegal. Appellant argues that, because the original order was illegal, the trial court had no jurisdiction to adjudicate his guilt.

Generally, a defendant cannot claim error in the original plea proceeding if he does not appeal the order placing him on probation. *See Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). The exception to this rule is that a defendant may challenge the original order at the time his probation is revoked when the complaint, if sustained, would render the judgment void. *Deifik v. State*, 58 S.W.3d 794, 797 (Tex. App.—Fort Worth 2001, pet. ref'd). This is because a void judgment is subject to collateral attack at any time. *Id*.

As this Court has previously held, the trial court's failure to review and adopt the magistrate judge's actions before signing the order placing the defendant on probation is not fundamental error that would render the judgment void. *Christian v. State*, 865 S.W.2d 198, 201 (Tex. App.—Dallas 1993, pet ref'd). Because appellant did not timely appeal from the original order placing him on probation, and his challenge is not a permissible collateral attack on that order, we have no jurisdiction over appellant's complaint. *Manuel*, 994 S.W.2d at 662; *Christian*, 865 S.W.2d at 201. We therefore dismiss appellant's first point of error for want of jurisdiction.

## II. Sufficiency of the Evidence to Show Probation Violation

In his second issue, appellant contends the evidence is insufficient to show he violated condition "a" of the terms of his probation. Condition "a" required appellant to "[c]ommit no offense against the laws of this or any other State or the United States, and [] not possess a firearm during the term of Supervision." Appellant acknowledges that proof of a single violation of the terms of his community supervision is sufficient to support the revocation of his probation. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012). Appellant further acknowledges the State proved multiple violations that he does not challenge on appeal. Appellant contends, however, the trial court's finding that he committed a new offense while on probation "was impactful in the sentence assessed." We note that appellant was sentenced to only twelve years in prison, which is well below the

maximum sentence of twenty years for a second degree felony. *See* TEX. PENAL CODE ANN. § 12.33.[1]

For community supervision to be revoked, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of his probation. *Miles v. State*, 343 S.W.3d 908, 912 (Tex. App.—Fort Worth 2011, no pet.). "The State satisfies this burden when the greater weight of the credible evidence before the court creates a reasonable belief that it is more probable than not that the defendant has violated a condition of his probation as alleged in the State's motion." *Id*. This standard of proof applies to allegations that the defendant committed a new offense while on probation. *Id*. at 914.

In this case, the State alleged that appellant violated condition "a" of his probation by committing the offense of aggravated assault with a deadly weapon. In support of this allegation, the State presented the testimony of Officer Franco Hennings who interviewed the victim of the assault at the scene. Hennings testified the victim stated he had been shot in the arm and gave a description of the man who committed the offense including his race, clothing, and tattoos. The victim specified the assailant had a unique tattoo of a dog's paw on his face. Appellant was later arrested and charged with the offense.

---

[1] Although the record shows appellant pleaded true to a punishment enhancement allegation, the trial court's judgment does not reflect any enhancements.

Appellant argues that photographs of him admitted into evidence show he does not have a tattoo of a dog's paw on his face as stated by the victim. The photographs at issue were taken on the day of the hearing, nearly two years after the shooting. The investigator who took the photos testified that one of the tattoos on appellant's face appeared to be partially covering another tattoo that looked like a paw print. The photographs contained in the record confirm this description of appellant's tattoo.

After reviewing the record in the light most favorable to the trial court's ruling, we conclude the State met its burden of proving by a preponderance of the evidence that appellant violated condition "a" of the terms of his probation. We resolve appellant's second issue against him.

### III. Judgment Modification

In its cross-issue, the State contends the trial court's judgment should be reformed to correctly reflect that appellant pleaded "not true" to the State's motion to adjudicate and that the trial court found only four of the alleged probation violations to be true. This Court has the power to correct and reform the trial court's judgment to make the record speak the truth when it has the necessary information to do so. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, writ ref'd). We may modify the judgment, and affirm as modified. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993).

Here, the record affirmatively shows appellant pleaded "not true" to the State's motion to adjudicate his guilt. The record further shows the State abandoned all but five of the probation violations alleged in its motion to adjudicate, and the trial court found only four of the alleged violations to be true. We sustain the State's issue and modify the trial court's judgment as follows: (1) in the portion of the judgment with the heading "Plea to Motion to Adjudicate" we delete the word "True" and replace it with the words "Not True" and (2) in the portion of the judgment setting forth the trial court's findings, we delete conditions "A,A,A,D,H,J,L,O,P,Q,R,V," and replace them with conditions "a, d, p, and v."

As modified, we affirm the trial court's judgment.


/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE


Do Not Publish
TEX. R. APP. P. 47.2(b)
210202F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

JAMES CURTIS MANNING,
Appellant

No. 05-21-00202-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 6, Dallas County, Texas
Trial Court Cause No. F-1657002-X.
Opinion delivered by Justice
Reichek. Justices Molberg and
Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

(1) in the portion of the judgment with the heading "Plea to Motion to Adjudicate" we **DELETE** the word "True" and **REPLACE** it with the words "Not True" and (2) in the portion of the judgment setting forth the trial court's findings, we **DELETE** conditions "A,A,A,D,H,J,L,O,P,Q,R,V," and **REPLACE** them with conditions "a, d, p, and v."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered July 5, 2022